UNITED STATES of America,
Plaintiff-Appellee,

v.

Donna Faye AVERY,
Defendant-Appellant.

No. 79–5329.

United States Court of Appeals,
Fifth Circuit.

Sept. 15, 1980.

Joel Kaplan, Miami, Fla., for defendant-appellant.

James D. McMaster, Sonia E. O'Donnell, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before HENDERSON, HATCHETT and TATE, Circuit Judges.

HATCHETT, Circuit Judge:

At issue on this appeal is whether a plea agreement which provided that the government remain mute and make no recommendation at sentencing, obligated the government to refrain from providing information on a defendant's background and character to the probation officer for pre-sentence investigation purposes. Because the government's actions did not violate its plea agreement, we affirm.

An Assistant United States Attorney for the Southern District of Florida negotiated a plea agreement with Avery, the appellant in this case. By the agreement, the government's attorney promised to dismiss three counts of a four count indictment for unlawful possession and transportation of two short-barrelled shotguns and further promised, "that at the time of sentence they will make no recommendation and stand mute." In exchange, the defendant promised to plead guilty to Count III of the indictment, possession of an unregistered firearm, 26 U.S.C. § 5861(d). Avery contends that comments made to the probation officer by the Assistant United States Attorney and the case agent on his background and character which were used in the pre-sentence investigation report (PSI) submitted to the trial judge for sentencing constituted a breach of the government's promise. According to Avery's contention, the government influenced the sentencing decision to her disadvantage. After being sentenced to four years imprisonment, Avery appealed claiming the plea agreement was violated.

On original appeal to this court we vacated the sentence and remanded to the district court, *United States v. Avery*, 589 F.2d 906 (5th Cir. 1979), for further inquiry concerning the pre-sentencing procedures used by the Southern District of Florida. We sought a determination whether the government's promise to stand mute at sentencing carried an implied promise that the United States Attorney's office would give no information to the probation officer that would be detrimental to the defendant if seen by the sentencing judge. The district court answered that it is the practice in the Southern District of Florida for the probation officer to ask questions of the United States Attorney and the case agent about the defendant's character. These comments are sometimes included in the pre-sentence investigation report. It is a policy in the Southern District of Florida that pre-sentence investigation reports, in cases involving plea agreements providing that the government make no recommendation regarding the sentence, contain all comments made by government agents, including statements regarding the sentence. In the present case, the probation officer solicited the comments of the Assistant United States Attorney and the case agent. The comments were not volunteered, but were in response to the probation officer's inquiries. The district court found that the government's promise did not carry an implied promise to give no information to the probation officer, and therefore, the plea agreement was not violated. The district court reinstated its sentence.

■ Promises resulting from the negotiation of plea agreements, whether directly or indirectly made, must be fulfilled to their fullest lawful extent in furtherance of fair and proper administration of justice. In *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the Supreme Court, recognizing plea bargaining to be an "essential component of the administration of justice," *Id.* at 260, 92 S.Ct. at 498, cautioned that plea agreements between an accused and a prosecutor must be negotiated fairly:

[T]his phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the

216

inducement or consideration, such promise must be fulfilled.

*Id.* at 262, 92 S.Ct. at 499.

██ This circuit has applied the principles enunciated in *Santobello* by requiring that the government adhere strictly to the terms and conditions of the plea agreements it negotiates with defendants. *United States v. Shanahan*, 574 F.2d 1228 (5th Cir. 1978); *United States v. Grandinetti*, 564 F.2d 723 (5th Cir. 1977). In the present case, however, we cannot conclude that the government violated the terms of the plea agreement by providing the probation officer with information on the defendant's background and character for pre-sentence investigation purposes. The government only promised to make no recommendation and stand mute at the time of sentencing. We cannot construe this promise to obligate the government to withhold the disclosure of pertinent information on the defendant's background and character from the sentencing judge.

██ It is the policy in the Southern District of Florida for the probation officer to ask questions of the United States Attorney and case agent about the defendant's character and include them in the pre-sentence report. This policy comports with the legitimate objective of federal courts to provide the sentencing judge with sufficient and proper information necessary to deliver an informed and fair sentence.

> [Probation officer's] reports have been given a high value by conscientious judges who want to sentence persons on the best available information rather than on guess-work and inadequate information. To deprive sentencing judges of this kind of information would undermine modern penological procedural policies that have been cautiously adopted throughout the nation after careful consideration and experimentation. We must recognize that most of the information now relied upon by judges to guide them in the intelligent imposition of sentences would be unavailable if information were restricted to that given in open court by witnesses subject to cross-examination. And the modern probation report draws on information concerning every aspect of a defendant's life.

*Williams v. New York*, 337 U.S. 241, at 249-50, 69 S.Ct. 1079, 1084, 93 L.Ed. 1337 (1949).

We are not here faced with the question of whether an agreement between the government and an accused providing that information necessary for sentencing by the trial judge be withheld is void as against public policy.

We hold, in accordance with the findings of the trial judge, that the government did not violate its plea agreement to "make no recommendation and stand mute" at sentencing, by acting in accordance with the policy in the Southern District of Florida. Accordingly, the sentence reentered by the trial judge is affirmed.

AFFIRMED.