Wendell JACKSON, Jr., Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 94–82.

Supreme Court of Wyoming.

Sept. 26, 1995.

Leonard D. Munker, State Public Defender; and Deborah Cornia (argued), Appellate Counsel, for appellant.

Joseph B. Meyer, Attorney General; Sylvia Lee Hackl, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Theodore E. Lauer, Director, Prosecution Assistance Program; and Bruce Horton (argued), Student Intern, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

Appellant Wendell Jackson (Jackson) appeals the trial court's denial of his motion to withdraw his guilty plea. Jackson asserts that the State failed to remain silent at sentencing, which he claims is in direct contravention of the plea agreement existing between them. Jackson argues that the State's alleged failure to abide by the plea agreement entitles him to withdraw his plea of guilty. Jackson also contends on appeal that he was denied effective assistance of counsel at sentencing.

We affirm.

## ISSUE

Jackson and the State submit the same issue:

Did the trial court abuse its discretion in denying Appellant's motion to withdraw his guilty plea?

## FACTS

Jackson was charged by information with two counts of burglary and one count of conspiracy to commit burglary. At his arraignment, Jackson entered pleas of not guilty, and a trial was scheduled.

Before trial, Jackson and the State reached an agreement. Jackson was arraigned a second time wherein he pled guilty to one count of conspiracy to commit burglary. Jackson's plea was entered pursuant to a plea agreement which included the dismissal of two burglary charges, release upon his own recognizance pending sentencing, and the State agreed to remain silent at sentencing unless Jackson was given probation, in which case the State could argue for restitution.

During the sentencing proceeding, Jackson and his counsel spoke at length with the court urging probation. The court then asked the State if it would like to comment. The State told the court about an incident in which Jackson was involved during his release before sentencing involving a near altercation. Jackson then told his version of the incident.

The court sentenced Jackson to not less than four years nor more than six years in the Wyoming State Penitentiary. The following week, Jackson filed a motion to withdraw his guilty plea, claiming the State failed to stand silent at sentencing; that his plea was involuntary because he was forced to plead guilty in order to gain release on his own recognizance so he could attend his stepmother's funeral; and that he was denied effective assistance of counsel. The court held a hearing on Jackson's motion and denied the same. Jackson timely appeals the denial.

## DISCUSSION

Jackson's motion to withdraw his guilty plea was submitted after sentencing and after entry of judgment and sentence. Therefore, the standard to withdraw the plea found in W.R.Cr.P. 32(d) is to correct manifest injustice.

The burden is on Jackson to demonstrate manifest injustice. *Zanetti v. State,* 783 P.2d 134, 137 (Wyo.1989). The denial of a motion to withdraw a guilty plea is within the trial court's discretion; and, absent an abuse of that discretion, this court will not disturb the result. *Rude v. State,* 851 P.2d 20, 22–23 (Wyo.1993); *Zanetti,* at 137. "In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably

conclude as it did." *Rude,* at 23 (*quoting Martinez v. State,* 611 P.2d 831, 838 (Wyo. 1980)).

■ It is Jackson's contention that his guilty plea was unknowing and involuntary. In accepting a guilty plea, the trial court must determine whether the plea is voluntarily, intelligently and knowingly made. *Zanetti,* at 136. The voluntariness of the plea is determined by examining all the facts and circumstances surrounding entry of the plea. *Osborn v. Shillinger,* 803 F.Supp. 371, 374 (D.Wyo.1992).

At Jackson's second arraignment, when he entered his plea of guilty, he was properly advised by the court pursuant to W.R.Cr.P. 11. The court discussed in detail the contents of the plea agreement, and Jackson asserted his plea was voluntary and of his own free will.

### State's Failure to Stand Silent at Sentencing

■ Rule 11(e)(1)(B) of our Wyoming Rules of Criminal Procedure states:

(e) *Plea agreement procedure.*

(1) In General.—The attorney for the state and the attorney for the defendant * * * may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser related offense, the attorney for the state will do any of the following:

*     *     *     *     *     *

(B) Make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court[.]

The record shows that the State did in fact remain silent as it related to a recommendation for sentence. The State relied upon the undisputed portions of the presentence investigation. It is difficult enough upon the court when the State determines not to participate at sentencing, but the fact that Rule 11 allows the State to bargain away its opportunity to argue for a particular sentence does not include avoiding responsibility to provide complete information about the person to be sentenced.

The State did relate to the court an incident in which Jackson was involved just prior to sentencing that was not included in the presentence investigation report. Efforts by the State to provide relevant factual information are not tantamount to taking a position on the sentence and will not violate a plea agreement. *United States v. Voccola,* 600 F.Supp. 1534, 1538–40 (D.Rhode Island 1985); *United States v. Block,* 660 F.2d 1086, 1091–92 (5th Cir.1981); *United States v. Garcia,* 544 F.2d 681, 685 n. 2 (3rd Cir.1976); *see also United States v. Rivera,* 879 F.2d 1247, 1253 (5th Cir.1989). A prosecutor has a duty to ensure that the sentencing court has complete and accurate information concerning the defendant, thereby enabling the court to impose an appropriate sentence. *United States v. Block,* at 1091. Thus, if the State is aware that the court lacks certain relevant information, the prosecutor has the duty, as an officer of the court, to bring that information to the attention of the court. *Id.,* at 1091–92. In this case, the State promised to "stand silent" at the time of sentencing. That promise, however, did not require the prosecutor to withhold from the district court pertinent information on appellant's background and character. *United States v. Avery,* 621 F.2d 214, 216 (5th Cir.1980).

Additionally, the record indicates Jackson was not prejudiced by the prosecutor's comments. The court acknowledged Jackson's lengthy criminal history as the reason why it could not grant probation and further commented on the lack of violent crimes in that history. Jackson was also given full opportunity to respond to the new information and explain to the court the facts and circumstances surrounding the near altercation. Taken as a whole, the record does not support Jackson's claim that the prosecutor's remarks prejudiced him in any manner that resulted in manifest injustice.

### Ineffective Assistant of Counsel

Jackson's counsel did not object during the prosecutor's comments at sentencing. Jackson asserts that the failure to do so resulted

in the plea being entered in violation of the plea agreement.

When reviewing a claim of ineffective assistance of counsel, the paramount determination is whether, in light of all the circumstances, trial counsel's acts or omissions were outside the wide range of professionally competent assistance. *Herdt v. State,* 891 P.2d 793, 796 (Wyo.1995); *Starr v. State,* 888 P.2d 1262, 1266–67 (Wyo.1995); *Arner v. State,* 872 P.2d 100, 104 (Wyo.1994); *Frias v. State,* 722 P.2d 135, 145 (Wyo.1986). The reviewing court should indulge a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Herdt,* at 796; *Starr,* at 1266; *Arner,* at 104; *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

Under the two-prong standard articulated in *Strickland* and *Frias,* an appellant claiming ineffective assistance of counsel must demonstrate on the record that counsel's performance was deficient and that prejudice resulted. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Starr,* at 1266; *King v. State,* 810 P.2d 119, 125 (Wyo.1991) (Cardine, J., dissenting); *Campbell v. State,* 728 P.2d 628, 629 (Wyo.1986); *Frias,* 722 P.2d at 145. In other words, to warrant reversal on a claim of ineffective assistance of counsel, an appellant must demonstrate that his counsel failed to "render such assistance as would have been offered by a reasonably competent attorney" and that "counsel's deficiency prejudiced the defense of [the] case." *Lower v. State,* 786 P.2d 346, 349 (Wyo.1990). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686, 104 S.Ct. at 2064. Furthermore, an appellant asserting such a claim following the entry of a guilty plea must demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

Jackson made no such showing here. Added to that is the finding that the State's comments did not violate the premise of the plea bargain. Jackson's counsel, therefore, by not objecting, cannot be guilty of failing to render effective professional assistance. And finally, there is no showing on the record supporting Jackson's claim that he pled guilty just so he could attend his stepmother's funeral.

## CONCLUSION

The State did not breach the plea bargain agreement by disclosing a later incident not included in the presentence report; the State offered no sentence recommendations. Appellant having failed to demonstrate ineffective assistance of counsel or abuse of discretion amounting to manifest injustice, the judgment and sentence is

Affirmed.