**Gary HADDOCK, Jr., Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 95–128.**

Supreme Court of Wyoming.

Jan. 12, 1996.

Sylvia L. Hackl, State Public Defender; Deborah Cornia, Appellate Counsel; and Donna D. Hoffdahl, Assistant Appellate Counsel, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Mark T. Moran, Assistant Attorney General, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant Gary Haddock, Jr. appeals from the judgment and sentence which was entered after he pleaded guilty to one count of credit card fraud and one count of forgery.

We affirm.

## ISSUE

Appellant presents a single issue on appeal:

Did the trial court abuse its discretion in not allowing withdrawal of Appellant's guilty plea prior to sentencing?

## FACTS

On September 23, 1994, Appellant was charged with credit card fraud for unlawfully using a credit card which belonged to his mother and father. He was also charged with forgery for unlawfully endorsing and cashing a check which belonged to his mother.

Appellant appeared *pro se* at his arraignment and pleaded guilty to both counts. The district court appointed an attorney to represent Appellant and postponed the sentencing hearing in order to give Appellant's newly appointed counsel an opportunity to review the case. Appellant subsequently filed a motion to withdraw his guilty pleas. The district court denied Appellant's motion and passed sentence against him. Appellant appealed to this Court.

## DISCUSSION

Appellant contends that the district court abused its discretion when it denied his presentence motion to withdraw his guilty pleas.

▪ Pleas of guilty or *nolo contendere* may be withdrawn pursuant to W.R.Cr.P. 32(d):

(d) *Plea withdrawal.*—If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only to correct manifest injustice.

The district court has discretion in deciding whether to permit a defendant to withdraw his guilty plea. *Jackson v. State,* 902 P.2d 1292, 1293 (Wyo.1995). We will not disturb the district court's decision on appeal unless the district court has abused its discretion.

*Id.* "'In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did.'" *Rude v. State,* 851 P.2d 20, 23 (Wyo.1993) (quoting *Martinez v. State,* 611 P.2d 831, 838 (Wyo.1980)).

A defendant does not have an absolute right to withdraw his guilty plea prior to being sentenced. *McCarty v. State,* 883 P.2d 367, 375–76 (Wyo.1994). A court may permit a defendant to withdraw his guilty plea before his sentence has been imposed if the defendant presents "any fair and just reason" for withdrawing the plea. W.R.Cr.P. 32(d); *Dichard v. State,* 844 P.2d 484, 486 (Wyo.1992). We have stated, however:

> "[A]n abuse of discretion is not demonstrated even if a 'plausible' or a 'just and fair' reason for withdrawal is presented if the requirements of Rule 15, W.R.Cr.P., [now W.R.Cr.P. 11] have been met and the record is clear that the defendant intelligently, knowingly, and voluntarily entered into his plea of guilty."

*Id.* (quoting *Triplett v. State,* 802 P.2d 162, 165 (Wyo.1990)).

Appellant contends that he presented a fair and just reason for the withdrawal of his guilty pleas. He argues that, because of the emotional state he was in when he entered his pleas, he was not able to understand the plea process or the consequences of his guilty pleas.

Appellant maintains that the presentence investigation report supported his claim that he was emotionally unstable. The presentence investigation report indicated that Appellant was suffering from extreme stress and that he may have been experiencing psychological difficulties at the time when the probation agent interviewed him. The report stated that Appellant believed that he was being harassed by law enforcement officials and that, while he was previously incarcerated at the Wyoming State Penitentiary, a monitoring device had been placed in his leg during a surgical procedure. The report further stated that Appellant believed that the monitoring device was being used to track him and was causing unusual magnetic occurrences. Appellant also claims that his testimony which he gave when he entered his guilty pleas reflected his emotional instability. He testified that he took the credit cards and the check so that he could force his parents to give him certain family information.

In *Schmidt v. State,* 668 P.2d 656, 660 (Wyo.1983), we ruled that a defendant could provide a fair and just reason for the withdrawal of his guilty plea by presenting reliable evidence to sustain a defense of mental illness or deficiency. In that case, the defendant presented a psychiatric report which supported a mental illness or deficiency defense. 668 P.2d at 659–60.

Appellant did not present any such reliable evidence in this case. The probation agent's observations which were included in the presentence investigation report described Appellant's mental state at the time when the presentence investigation interview was being conducted and did not pertain to Appellant's state of mind when he committed the crimes or when he pleaded guilty. Similarly, although Appellant's testimony may have shown that he harbored unusual motives for his crimes, the testimony was not the type of evidence which would sustain a mental illness or deficiency defense. Appellant did not offer any other evidence to support his contention that he did not understand the plea proceedings or the consequences of his guilty pleas, nor did he state that he would enter a plea of not guilty by reason of mental illness or deficiency if the district court were to allow him to withdraw his guilty pleas. The district court, therefore, properly denied Appellant's presentence motion to withdraw his guilty pleas because Appellant failed to present a fair and just reason for withdrawing his pleas.

The record also reveals that the requirements of W.R.Cr.P. 11 were satisfied. *See Dichard,* 844 P.2d at 486. Pursuant to W.R.Cr.P. 11, the district court carefully advised Appellant of his rights and the ramifications of his decision to plead guilty to the charges. Appellant indicated that he understood the district court's advisements. The district court also elicited a sufficient factual basis to support its acceptance of Appellant's guilty pleas.

The record shows that Appellant entered his pleas intelligently, knowingly, and voluntarily. Appellant actively participated in all phases of the criminal proceedings. He responded to the district court's questions in a coherent and thoughtful manner. He also proclaimed and demonstrated that he was familiar with the legal system, which does not surprise us in light of his rather extensive criminal record.

## CONCLUSION

We hold that the district court did not abuse its discretion when it denied Appellant's motion to withdraw his guilty pleas.

Affirmed.