**Floyd Dewayne GRADY, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 95–204.

Supreme Court of Wyoming.

April 17, 1996.

Bert T. Ahlstrom, Jr., Cheyenne, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Georgia L. Tibbetts, Assistant Attorney General; Theodore E. Lauer, Director of the Prosecution Assistance Program; and Teresa R. Nelson, Student Intern for the Prosecution Assistance Program, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant Floyd Grady appeals from his conviction for first-degree sexual assault.

We affirm.

## ISSUE

Appellant presents a single issue for our review:

Whether the trial court erred in failing to grant Appellant's pre-sentence motion to withdraw his guilty plea?

## FACTS

On November 17, 1994, Appellant was charged with first-degree sexual assault.[1] Appellee State of Wyoming accused Appellant of forcing the victim to have intercourse with him by holding a knife to her throat and hitting her. At his arraignment, Appellant pleaded not guilty to the charge. Pursuant to Appellant's request, the district court appointed an attorney from the Public Defender's Office to represent him.

Appellant later changed his plea to guilty. After advising Appellant of his rights and questioning him about the factual basis for his guilty plea, the district court accepted the guilty plea. Appellant subsequently retained private counsel and filed a motion to withdraw his guilty plea. After holding a hearing, the district court denied Appellant's motion and sentenced him. Appellant perfected his appeal to this Court, challenging the district court's refusal to allow him to withdraw his guilty plea.

---

1. Wyo Stat. § 6-2-302(a)(i) (1988).

## DISCUSSION

██ Appellant claims that the district court erred by refusing to allow him to withdraw his guilty plea prior to sentencing because he presented fair and just reasons to support his motion for withdrawal.

██ A defendant does not have an absolute right to withdraw his guilty plea prior to being sentenced. *Haddock v. State*, 909 P.2d 974, 976 (Wyo.1996); *McCarty v. State*, 883 P.2d 367, 375–76 (Wyo.1994). A court may permit a defendant to withdraw his guilty plea before his sentence has been imposed when the defendant presents "any fair and just reason" for withdrawing the plea. W.R.Cr.P. 32(d); *Haddock*, 909 P.2d at 976.

Appellant contends that he gave the district court a number of fair and just reasons to support his motion to withdraw his guilty plea. Those reasons included: Appellant's public defender told him that the district court would treat him more leniently if he were to plead guilty; his public defender allowed him to have only one hour in which to decide whether he would plead guilty; his public defender told him that he would remain free on bond until he was sentenced; his public defender told him that the district court might sentence him to serve a term at boot camp and CAC;[2] his public defender told him to read the victim's statement to the district court to provide the factual basis for his guilty plea; Appellant did not feel prepared to go to trial; no information was discovered in his case because the public defender's investigator was working on other cases; the public defender did "no work" on his case; and Appellant wanted to go to trial.

The record does not support Appellant's various contentions that he was unhappy with his counsel. The district court questioned him extensively as to whether he was satisfied with his public defender, and he repeatedly responded that he was. The record does not contain any evidence which suggests that Appellant read the victim's statement to the district court to establish the factual basis for his guilty plea. In fact, the district court asked him specific questions about the crime, and Appellant responded to the questions.

Appellant's testimony at his change-of-plea hearing directly contradicted his contentions that his public defender told him that the district court would treat him leniently, that he would remain free on bond, and that the district court might sentence him to serve a term at boot camp and CAC. The district court specifically asked Appellant whether anyone had promised him anything in exchange for his guilty plea, and he responded in the negative. Appellant also denied that anyone had hinted or implied that he would be treated leniently if he pleaded guilty.

██ Appellant also argues on appeal that he should have been allowed to withdraw his guilty plea because the district court had to recess the change-of-plea hearing so that he could regain his composure. Appellant did not present this argument to the district court in support of his motion to withdraw his guilty plea; therefore, we refuse to consider it now. *Vigil v. Ruettgers*, 887 P.2d 521, 526 (Wyo.1994).

██ The district court had discretion in deciding whether to permit Appellant to withdraw his guilty plea. *Jackson v. State*, 902 P.2d 1292, 1293 (Wyo.1995). We will not disturb the district court's decision on appeal unless the district court abused its discretion. *Id.* "'In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did.'" *Rude v. State*, 851 P.2d 20, 23 (Wyo.1993) (quoting *Martinez v. State*, 611 P.2d 831, 838 (Wyo.1980)). Appellant did not present a fair and just reason to withdraw his guilty plea, and the district court, therefore, did not abuse its discretion when it denied Appellant's presentence motion.

Affirmed.

---

2. When Appellant used the acronym CAC, he was apparently referring to Community Alternatives which is a community-based corrections facility. *Glass v. State*, 853 P.2d 972, 973 (Wyo.1993).