**Darrell JOHNSON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 95–209.

Supreme Court of Wyoming.

Sept. 16, 1996.

Donald L. Painter, argued, Casper, for appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Theodore E. Lauer, Director, Prosecution Assistance Program; and William R. Gaskill, argued, Student Intern., for appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN,* and LEHMAN, JJ.

LEHMAN, Justice.

The dispositive issue in this case is whether the district court abused its discretion in refusing to allow appellant to withdraw his plea of *nolo contendere* subsequent to sentencing.

We affirm.

On February 28, 1994, Darrell Johnson was charged with one count of sexual assault in the second degree, in violation of W.S. 6–2–303 (1988), and one count of taking indecent liberties with a minor, in violation of W.S. 14–3–105 (1994). At the conclusion of trial, the jury was unable to reach a verdict. A mistrial was declared, and a new trial date was set. This second trial, however, never transpired. On March 28, 1995, the trial court accepted Johnson's plea of *nolo contendere* to second degree sexual assault based on a plea bargain wherein the indecent liberties count was dismissed. Some two months later, Johnson filed a motion to withdraw his plea of *nolo contendere*. The district court denied the motion without a hearing, finding that no plausible reason existed to allow the withdrawal of the plea. Johnson thereafter filed this appeal.

### DISCUSSION

Johnson argues that the district court erred by not holding a hearing regarding his motion to withdraw his plea; erred by failing to inform him that he had to register as a sex offender with the county sheriff, pursuant to W.S. 7–19–302 (1995), and that failure to so register could result in a fine of up to $750.00 and a jail term of up to one year; and erred by failing to inform him that his name would be registered with the central registry for child abusers pursuant to W.S. 14–3–213 (1994).

■■■■ To secure the withdrawal of a plea bargain after sentencing, defendant must demonstrate manifest injustice. W.R.Cr.P. 32(d); *Jackson v. State*, 902 P.2d 1292, 1293 (Wyo.1995); *Rude v. State*, 851 P.2d 20, 22 (Wyo.1993); *Flores v. State*, 822 P.2d 369,

371 (Wyo.1991); *Zanetti v. State*, 783 P.2d 134, 137 (Wyo.1989). The denial of a motion to withdraw a plea is within the district court's discretion; and, absent an abuse of discretion, this court will not disturb the result. *Grady v. State*, 914 P.2d 1230, 1232 (Wyo.1996); *Haddock v. State*, 909 P.2d 974, 975 (Wyo.1996); *Jackson*, at 1293; *Rude*, at 22–23; *Zanetti*, at 137. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. *Jackson*, at 1293–94.

■■■■ A district court does not abuse its discretion in refusing withdrawal of a plea where it carries on a careful and complete hearing under W.R.Cr.P. 11. *Chorniak v. State*, 715 P.2d 1162, 1164 (Wyo.1986); *Osborn v. State*, 672 P.2d 777, 788 (Wyo.1983) (discussing W.R.Cr.P. 15, predecessor to W.R.Cr.P. 11). At the change of plea hearing, Johnson was thoroughly advised of his rights and the ramifications of his decision to plead *nolo contendere* to the charge. Johnson, assisted by competent counsel, indicated that he understood the court's advisements and answered all questions directed by the court with clarity. We are satisfied from an examination of the record that the district court comprehensively complied with the requirements of W.R.Cr.P. 11 and that Johnson entered his plea intelligently, knowingly, voluntarily and with a full understanding of the nature of the charge and consequences of his plea.

■■■■ A district court may deny a motion to withdraw plea without a hearing if the defendant's allegations or reasons for withdrawal are contradicted by the record, are inherently unreliable, or are merely conclusions rather than statements of fact. *Coleman v. State*, 843 P.2d 558, 560 (Wyo.1992). The motion filed in district court consisted of conclusions contradictory to the record. Now on appeal, however, Johnson claims that the court should have waited until a transcript of the Change of Plea hearing was available before ruling upon his motion and advances additional claims beyond what transpired at the hearing. "If appellant wanted

---

\* Chief Justice at time of oral argument.

a full evidentiary hearing, he should have advised the trial court that he wanted to introduce evidence to support his motion." *Chorniak*, 715 P.2d at 1164. In this case, Johnson did not file a corroborating affidavit with his motion, nor did he explain to the court that he wanted to introduce additional supporting evidence. There is no abuse of discretion. Consequently, failure to hold a hearing prior to denial of Johnson's motion to withdraw his plea did not amount to manifest injustice.

As to Johnson's claim regarding W.S. 7–19–302 (1995), we conclude that it has no merit. Section 7–19–302 provides that any *sex offender* residing in Wyoming or entering any county in Wyoming for the purpose of residing in this state who has been convicted of a sex offense shall register with the county sheriff for the county of the offender's residence. Section 7–19–301 (1995) defines "sex offender" as a person who has been convicted of a sex offense in which the victim was less than sixteen years of age and the offender was at least four years older than the victim. The victim in this case was born on July 10, 1976, and the sex offense for which Johnson was convicted occurred on August 28, 1993. Thus, the victim was older than sixteen years of age on the date of the sex offense. Accordingly, W.S. 7–19–302 has no application to Johnson.

█ More importantly, however, even if W.S. 7–19–302 had applied to Johnson, we would still conclude a district court commits no error by failing to advise a defendant about the registration requirement and consequences for failure to so register. Recently, in *Snyder v. State*, 912 P.2d 1127 (Wyo. 1996), we had occasion to interpret this statute. Therein we concluded that the plain reading of the statutory scheme indicates that the legislature intended to facilitate law enforcement and protection of children. We held this statute to be a regulatory measure, not punishment. *Id.*, at 1131. Under W.R.Cr.P. 11, a court is required to advise a defendant of the nature of the charge for which he is pleading; the mandatory minimum penalty, if any; the maximum possible penalty; and other sanctions which could attend a conviction, which includes mandato-

ry assessments (such as the surcharge for the Crime Victim Compensation Account) and discretionary assessments (costs, attorney fees, restitution, etc.). Because W.S. 7–19–302 is regulatory rather than part of the penalty or punishment, a court is under no duty to advise.

█ Johnson's final claim is that the district court erred by failing to advise that his name would be placed upon the statewide central registry of child protection cases pursuant to W.S. 14–3–213 (1994), which amounts to manifest injustice. Johnson misconstrues W.S. 14–3–201 through –215, and thus, his claim is without merit. Section 14–3–201 (1994) states:

> The purpose of W.S. 14–3–201 through 14–3–215 is to protect the best interest of the child, to further offer protective services when necessary in order to prevent any harm to the child or any other children living in the home, to protect children from abuse or neglect which jeopardize their health or welfare, to stabilize the home environment and to preserve family life whenever possible.

Sections 14–3–201 through –215 are replete with provisions dealing with neglect and abuse of a child by a person responsible for a child's welfare. Section 14–3–202(a)(i) defines "a person responsible for a child's welfare" as including the child's parent, noncustodial parent, guardian, custodian, stepparent, foster parent or other person, and an institution or agency having the physical custody or control of the child. Section 14–3–202(a)(v) states that "court proceedings" means child protective proceedings which have as their purpose the protection of a child through an adjudication of whether the child is abused or neglected, and the making of an appropriate order of disposition. Sections 14–3–201 through –215 place the burden of carrying out these child protective provisions upon the Wyoming State Department of Family Services, and it is this agency that is responsible for maintaining the statewide central registry of child protection cases.

We conclude that W.S. 14–3–213 applies only to child protective proceedings where there has been an adjudication and order of

disposition of child abuse or neglect. In the case at bar, no child protective proceedings occurred wherein an adjudication and appropriate order of disposition was made finding that Johnson had abused the victim. Therefore we hold that the district court did not err in failing to advise Johnson about W.S. 14–3–213 and W.S. 14–3–214(f).

## CONCLUSION

Johnson has failed to carry his burden of demonstrating manifest injustice in seeking to withdraw his *nolo contendere* plea, and the district court, therefore, did not abuse its discretion when it denied Johnson's motion to withdraw his plea.

Affirmed.