David Jason McCARTHY, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 97–9.

Supreme Court of Wyoming.

Oct. 1, 1997.

Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel, for Appellant (Defendant).

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Robin Sessions Cooley, Assistant Attorney General, for (Plaintiff) Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

Appellant David Jason McCarthy pleaded guilty to murder in the second degree and was sentenced to at least twenty years. Several days later his request to withdraw that plea was denied, and he appeals. We affirm.

## ISSUES

McCarthy presents this issue for our review:

Did the district court err when it denied the Appellant's motion to withdraw a guilty plea which was entered pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)?

The State restates the issue as:

Whether the district court abused its discretion in denying Appellant's motion to withdraw his guilty plea entered pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

## FACTS

On August 9, 1995, Tyrey T. Brown was stabbed several times behind Pardner's Bar in Rock Springs, Wyoming, and he died the next day from his injuries. Witnesses told police that Brown owed money to an employee of the bar who, along with McCarthy, had attempted to collect it from Brown that night. Other witnesses reported seeing McCarthy stab Brown and walk away from the murder scene with blood on his clothing and carrying a bloody knife, and additional witnesses heard McCarthy state "the job is done for the money owed" and that he had committed the murder.

On September 1, 1995, the county filed a charge of first degree murder against McCarthy and arrested him. He was arraigned on October 26 and pleaded not guilty. The State dismissed the charge on February 6, 1996, and convened a grand jury on February 14, 1996, which issued an indictment for first degree murder. McCarthy was again arrested on March 18, 1996, pleaded not guilty on April 2, 1996, and filed a waiver of speedy trial on June 11, 1996. In September, the State and McCarthy entered into a plea agreement reducing the charge to second degree murder with a sentence of not less than twenty years nor more than twenty-three years. McCarthy waived a preliminary hearing and entered the guilty plea under *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

Under an *Alford* plea, McCarthy pleaded guilty in order to receive a lesser charge without admitting guilt. The factual basis for the plea was supplied by the prosecution and the Affidavit in Support of Information. Defense counsel also explained McCarthy's reasoning for accepting the plea which, in essence, was that because McCarthy was competent and the State's case was overwhelming, he was agreeing to the plea to avoid what he believed was a certain conviction for first degree murder and a life sentence. The district court accepted the plea and, when McCarthy requested it, immediately sentenced him to at least twenty years but not more than twenty-three years as provided under the plea agreement.

Three days later, McCarthy filed a motion to withdraw his guilty plea, alleging the following:

1. The motion is made to correct a manifest injustice.
2. The Defendant feels that it was ill-advised to plead guilty.
3. The Defendant feels that the plea of guilty and the sentence were a "raw" deal.
4. The Defendant's mother indicates the Defendant felt pressured to enter a plea because there was insufficient time to think about the deal.

At a hearing on the motion, McCarthy testified that he did not kill Brown and had taken the plea agreement because he was scared to go to trial and get a life sentence. Cross-examination revealed that McCarthy participated in negotiations, and after the plea bargain was finalized, arrangements were made for McCarthy and his mother to discuss the plea arrangement before going to court. The court ruled that McCarthy did have sufficient time to consider the bargain and no manifest injustice would occur in denying the motion to withdraw the guilty plea. The motion was denied and this appeal followed.

## DISCUSSION

A guilty plea may be withdrawn after sentencing only to correct manifest injustice. *Jackson v. State*, 902 P.2d 1292, 1293 (Wyo.1995); WYO. R.CRIM. P. 32(d). The district court has discretion in determining whether a defendant has shown manifest injustice. That discretion will not be disturbed on appeal unless the defendant proves the district court abused its discretion. *Jackson*, 902 P.2d at 1293.

Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.

*Martin v. State*, 720 P.2d 894, 897 (Wyo. 1986). In *Hicklin v. State*, 535 P.2d 743 (Wyo.1975), we articulated the reasons for requiring manifest injustice:

"[W]ithdrawal of a guilty plea *after* sentence is conditioned by [WYO. R.CRIM. P.] 32(d) upon a showing of 'manifest injustice.' This *distinction rests upon practical considerations important to the proper administration of justice.* Before sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease *after* sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. The result would be to undermine respect for the courts and fritter away the time and painstaking effort devoted to the sentencing process."

*Id.* at 749 (quoting *Kadwell v. United States,* 315 F.2d 667, 670 (9th Cir.1963) (emphasis in original and footnotes omitted)).

In this appeal, McCarthy focuses on his mental difficulties. In 1994, he was diagnosed as suffering from paranoid schizophrenia and was prescribed medication. His mental illness was at issue in a pretrial hearing on a motion to suppress statements he had made because McCarthy alleged his mental illness made those statements unreliable. The district court reviewed all of the evidence and received medical testimony before ruling that although McCarthy was suffering from a mental disease, he was not suffering from any delusions on the days that he gave statements and had made them voluntarily. The testimony revealed that McCarthy did suffer from delusions if he did not take his medication or mixed the medication with alcohol and illegal drugs. While in jail, however, McCarthy did not have access to either alcohol or street drugs, took his medicine regularly, and the testimony of his mother and doctor indicated that he had improved. The suppression motion was denied.

During the hearing to receive his *Alford* plea, McCarthy's counsel stated that McCarthy was competent. McCarthy's motion to withdraw his plea was not based upon mental illness, but, instead, upon his fear of trial and feeling that his plea was a mistake. In the hearing on the motion to withdraw the guilty plea, McCarthy testified that he had been diagnosed as paranoid schizophrenic in the past but was on medication during the time he bargained for the plea agreement and appeared in court for sentencing. He testified that he understood all of the questions and the consequences of his decision.

McCarthy raises the discrete issue of his mental state for the first time on appeal and requests that we adopt a rule finding manifest injustice when a defendant has entered an *Alford* plea and immediately decides to withdraw his plea, as McCarthy did in this case, on the basis of an objective reason for the defendant's reevaluation. He cites to *Duran v. Superior Court,* 162 Ariz. 206, 782 P.2d 324 (App.1989), and *Washington v. Superior Court,* 180 Ariz. 91, 881 P.2d 1196, 1198 (App.1994), which liberally construe the term "manifest injustice." The qualifying reason in his case would be his mental disease, and McCarthy states it was "error for the district court to find no manifest injustice when [he], a man suffering from paranoid schizophrenia and medicated, reevaluated his decision to enter an *Alford* plea and moved the court to withdraw the plea . . . ."

 This argument to construe liberally the meaning of manifest injustice was presented to the court below, but it was not raised for consideration with McCarthy's mental illness as the basis for withdrawal. Although our past decisions have not defined "manifest injustice," they plainly contemplate a situation that is unmistakable or indisputable, was not foreseeable, and affects the substantial rights of a party. *Jackson,* 902 P.2d at 1294; *Rude v. State,* 851 P.2d 20, 26 (Wyo.1993); *Flores v. State,* 822 P.2d 369, 372 (Wyo.1991); *Garnett v. State,* 769 P.2d 371, 375 (Wyo.1989). McCarthy's mental disease was a factor in his case from the beginning as can be seen from the transcript of the pretrial hearing on his motion to suppress his statements to police. But the record does not show, and McCarthy does not identify, anything which would indicate that his mental condition and the medication he was taking played any suspect part in his decision to accept the plea agreement and to plead guilty. We agree with the State that

we should adhere to our rule that issues raised for the first time on appeal will not be heard on appeal. *Grady v. State,* 914 P.2d 1230, 1232 (Wyo.1996). In view of all of the evidence suggesting that McCarthy's mental difficulties were not a factor in his decision to plead guilty or a factor in his decision to change his mind, we will refuse to consider this issue of a more lenient standard for an *Alford* plea because the defendant has a mental disease.

The order denying the motion to withdraw the *Alford* plea is affirmed.