Claremont District Court
No. 93-767

THE STATE OF NEW HAMPSHIRE

v.

ROBERT B. COSTELLO

June 15, 1994

*Jeffrey R. Howard*, attorney general (*Donald Feith*, senior assistant attorney general, on the brief, and *Joseph Laplante*, assistant attorney general, orally), for the State.

*Michael C. Shklar*, of Newport, by brief and orally, for the defendant.

BATCHELDER, J. This is an interlocutory transfer without ruling from the Claremont District Court (*Leahy*, J). The sole question before us is whether applying RSA 632-A:14 (Supp. 1993), which requires registration of sexual offenders, to the defendant, whose conviction antedated enactment of the statute, violates State and federal constitutional prohibitions against *ex post facto* laws. We hold that it does not. The defendant's additional argument raising a State constitutional due process claim was not contemplated in the interlocutory transfer, and we therefore do not address it.

The facts are not in dispute. The defendant was convicted of a sexual offense in 1991 in Massachusetts and was placed on probation for three years. His probation was subsequently transferred to New Hampshire. In 1992, the legislature enacted RSA 632-A:11–:19 (Supp. 1993), a statutory scheme requiring that convicted sexual offenders register with the State Police. A July 1993 amendment to the statute operated to apply the statute retrospectively to the defendant. *See* Laws 1993, 135:1; RSA 632-A:13.

In the fall of 1993, the defendant was advised by a probation officer of his obligation to register as a sexual offender. When he did not, a misdemeanor complaint was filed, pursuant to RSA 632-A:19, II, charging him with failure to register. The defendant then concurrently filed a motion to dismiss and a motion for an interlocutory transfer without ruling, arguing that the retrospective application of the registration requirement to him was an *ex post facto* violation under the State and Federal Constitutions. The district court granted the motion for interlocutory transfer.

██ The protection afforded against *ex post facto* penal laws under both article I, section 10 of the Federal Constitution and part I, article 23 of the New Hampshire Constitution is the same, *Petition of Hamel*, 137 N.H. 488, 494, 629 A.2d 802, 806 (1993): a law or its application is *ex post facto* if it

> "makes an action done before the passing of the law, and which was innocent when done, criminal, and punishes such action; or . . . aggravates a crime, and makes it greater, than it was when committed; or . . . changes the punishment, and inflicts greater punishment, than the law annexed to the crime when committed . . . ."

*State v. Reynolds*, 138 N.H. 519, 521, 642 A.2d 1368, 1370 (1994) (quotation omitted). Because the analysis is the same under both constitutions, we decide this matter under the State Constitution, referring to federal decisions to the extent they may be of assistance. *Hamel*, 137 N.H. at 494, 629 A.2d at 806.

The defendant argues that the registration requirement as applied to him is *ex post facto* because it is retrospective and disadvantages him. *See State v. Ballou*, 125 N.H. 304, 308–09, 481 A.2d 260, 262 (1984). The statute, he contends, adds a new burden that constitutes greater punishment for his crime than existed at the time he committed it. The State does not dispute that the law is retrospective as applied to the defendant. Even though the law may disadvantage the defendant, unless it also provides greater punishment, its application to him is not *ex post facto*. *See Hamel*, 137 N.H. at 495, 629 A.2d at 806. Our only concern, therefore, is whether the statute "inflicts greater punishment" for the offense. *See Reynolds*, 138 N.H. at 521, 642 A.2d at 1370. We conclude, upon review of the statutory scheme and its underlying legislative purpose, that it does not.

RSA 632-A:12, I, requires registration of all sexual offenders "with the department of safety, division of state police." "Sexual offenders" are persons who have been convicted of certain sexual as-

sault offenses in this or any other jurisdiction. RSA 632-A:11, III. The sexual offender must report his or her current address annually to the local law enforcement agency, which in turn forwards the information to the State Police for entry in the law enforcement name search (LENS) system. RSA 632-A:14; *see also* RSA 632-A:12, II, III. This information is held confidentially within the law enforcement community, RSA 632-A:17, with local law enforcement agencies notified when the offender relocates, RSA 632-A:13, II; RSA 632-A:15. Failure of a sexual offender to report as required is a violation if negligent, RSA 632-A:19, I, and a misdemeanor if knowing, RSA 632-A:19, II.

On its face the statute does not purport to be punitive but is merely regulatory, providing a means for law enforcement agencies in this State to share information regarding the whereabouts of convicted sexual offenders. The remarks of Senator Podles with respect to the underlying bill bear this out:

> "[The bill] creates a state registry for sexual offenders and it is designed to assist police in keeping track of known sexual offenders who were convicted by requiring them to register with local authorities in a new network called 'LENS', it stands for Law Enforcement Names Search. It is maintained by the state police. Fifteen states already have such registries. The committee felt that it was time for New Hampshire to join the growing network and time to take away the secrecy of convicted offenders that they now have in a community."

N.H.S. JOUR. 270 (1992).

■ Deciding whether this statute is punitive or regulatory is critical because the prohibition against *ex post facto* laws applies only to statutes that impose penalties. *See Trop v. Dulles*, 356 U.S. 86, 95–96 (1958) (plurality opinion). While the severity of the burden imposed is relevant to the determination, *id.* at 96 n.18, a statute is generally "considered nonpenal if it imposes a disability, not to punish, but to accomplish some other legitimate governmental purpose." *Id.* at 96. A statute that has both a penal and nonpenal effect is nonetheless nonpenal if that is the "evident purpose of the legislature." *Id.* As discussed above, we believe that the nonpenal, or regulatory, purpose of the legislature in enacting the sex offender registration law is manifest. *Cf. Dept. of Revenue of Montana v. Kurth Ranch*, 114 S. Ct. 1937 (1994) (where state tax on marijuana had penal and

prohibitory intent, and could only be collected after fines satisfied, tax violated double jeopardy clause as successive punishment for same offense).

We perceive any punitive effect of the registration requirement to be *de minimis*. *See State v. Ward*, 869 P.2d 1062, 1069 (Wash. 1994) (no significant additional burden or affirmative disability in registration requirement). Moreover, the defendant's argument with respect to the added burden he suffers is that he is being prosecuted for an act (not registering) that was not illegal when he committed the underlying sexual assault. This misconstrues the appropriate *ex post facto* analysis. In fact, the defendant is being prosecuted for an act, failure to register, that was itself an offense when the defendant committed it, which presents no problems of retrospectivity. *Cf. State v. Vashaw*, 113 N.H. 636, 312 A.2d 692 (1973) (interpreting part I, article 23's prohibition against retrospective laws made for the decision of civil causes).

 We note that other courts considering similar sex offender registration statutes have found no *ex post facto* violation in applying those statutes on similar facts. *See Ward*, 869 P.2d at 1074; *State v. Noble*, 171 Ariz. 171, 829 P.2d 1217 (1992); *see also People v. Adams*, 581 N.E.2d 637, 641 (Ill. 1991) (for purposes of cruel and unusual punishment prohibition, sex offender registration law is regulatory and nonpenal and does not constitute punishment). We hold that as the sexual offender registration requirement inflicts no greater punishment, no *ex post facto* violation occurs in the application of the law to the defendant.

*Remanded.*

All concurred.