John William SNYDER, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 95–174.

Supreme Court of Wyoming.

March 13, 1996.

---

Micheal K. Shoumaker, Northern Wyoming Law Associates, Sheridan, for appellant.

William U. Hill, Attorney General; D. Michael Pauling, Sr. Assistant Attorney General; and Paul S. Rehurek, Deputy Attorney General, Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR, and LEHMAN, JJ.

GOLDEN, Chief Justice.

In this appeal, we consider the constitutionality of WYO.STAT. §§ 7–19–301 through 7–19–306 (1995), the Wyoming Sex Offenders Registration Act. Following a challenge by Appellant John Snyder, the district court ruled the registration statutes were constitutional.

We affirm.

## ISSUES

Snyder presents this issue for our review: Is the Wyoming Sex Offenders Registration Act, Wyoming Statute 7–19–301 through 7–19–306 unconstitutional pursuant to the United States Constitution and the Constitution of the State of Wyoming?

## FACTS

In 1992, Snyder pleaded guilty to third degree sexual assault of a fourteen-year old girl, received a suspended prison sentence but was ordered to serve a split sentence arrangement of thirty days in jail followed by five years of probation and to pay restitution. In 1994, the Wyoming Legislature passed the Wyoming Sex Offenders Registration Act and made its application retroactive to most sex offenders of children convicted since 1985.

On January 30, 1995, Snyder petitioned the district court to release him from the duty to register under the Sex Offender Registration Act on the grounds that the statute's purpose would not be served by his registration as he

was "not a pedophile or hebephile." The district court heard arguments on the petition on March 8, 1995, and denied it on May 5, 1995. On March 13, 1995, Snyder again petitioned the district court to release him from registering on the grounds that the Act violated the Wyoming Constitution's provisions requiring due process and uniform operation of general laws and prohibiting ex post facto laws and cruel and unusual punishment. The district court ruled the Act was constitutional and denied Snyder's second petition on May 17, 1995. This appeal followed.

## DISCUSSION

*Standard of Review*

■ "[E]very law must be presumed to be constitutional, with all doubt resolved in its favor." *Luplow v. State,* 897 P.2d 463, 465 (Wyo.1995).

*Statutes*

In 1994, Wyoming joined the majority of other states in enacting legislation concerning sex offender registration. 1994 WYO. SESS.LAWS Chap. 60 § 1. Presently, thirty-nine states require certain convicted sex offenders to register.[1] Some states notify communities of the presence of a sex offender under certain circumstances. Wyoming's Act does not have a community notification feature and permits dissemination of the registration only to those already authorized by statute to receive criminal history information. WYO.STAT. § 7–19–303(b) (1995).

Under the Act, a sex offender who must register is any person who has been convicted of certain felony sex offenses in which the victim was less than sixteen years of age and the offender was at least four years older than the victim, and that conviction occurred after January 1, 1985. WYO.STAT. § 7–19–301(a)(iv) (1995); WYO.STAT. § 7–19–302(b)(i)–(iv) (1995). Those offenders are to register with the county sheriff for their county of residence. WYO.STAT. § 7–19–302(a) (1995).

---

1. Elizabeth Kelly Cierzniak, *There Goes the Neighborhood: Notifying the Public When a Con-*

*victed Child Molester is Released Into the Community,* 28 IND.L.REV. 715, 717 (Part 2, 1995).

The duty to register terminates after ten years for those convicted of a sex offense other than first or second degree sexual assault or a court order can discharge the duty. Wyo.Stat. § 7–19–304 (1995). Appropriate agencies are required to notify offenders in writing of the duty to register. Wyo.Stat. § 7–19–305 (1995). Those failing to comply are subject to one year in jail and a $750 fine for the first offense and subject to felony charges for a subsequent failure to comply. Wyo.Stat. § 7–19–306 (1995).

*Ex Post Facto Law*

Snyder asserts that although the legislature may change the nature, degree, or kind of punishment imposed, if the law enhances the punishment for a crime committed before its enactment, then it is an ex post facto law and prohibited under the United States Constitution and Article 1, Section 35 of the Wyoming Constitution. He contends that the registration requirement is punishment because it assures police surveillance and lineup appearances if a similar crime is committed without proof of the registrant's involvement; registration itself may be admissible pursuant to the Wyoming Rules of Evidence; and failure to register is punishable by imprisonment. Arguing that registration is an enhanced punishment enacted after his conviction, Snyder concludes that *Weaver v. Graham,* 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), prohibits it as an ex post facto law in violation of the United States Constitution.

■ The United States Constitution, Art. 1, § 10, and the Wyoming Constitution, Art. 1, § 35, prohibit a state from enacting ex post facto laws. *Loomer v. State,* 768 P.2d 1042, 1049 (Wyo.1989). Snyder confines his ex post facto argument to cases decided under the federal constitution and, lacking Snyder's independent state constitution analysis, we shall limit our analysis to that provision. "Any statute ... which makes more burdensome the punishment for a crime, after its commission, ... is prohibited as ex post facto." *Loomer,* 768 P.2d at 1049 (quoting *Dobbert v. Florida,* 432 U.S. 282, 292, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977)). After *Loomer* was decided, the United States Su-

preme Court limited the definition of an ex post facto law to

any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, ....

*Collins v. Youngblood,* 497 U.S. 37, 42, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990) (quoting *Beazell v. Ohio,* 269 U.S. 167, 169–70, 46 S.Ct. 68, 70 L.Ed. 216 (1925)).

■ The category at issue in this case is whether registration inflicts greater punishment for the crime. *State v. Ward,* 123 Wash.2d 488, 869 P.2d 1062, 1068 (1994); *State v. Noble,* 171 Ariz. 171, 829 P.2d 1217, 1220 (1992). The constitutional prohibition on ex post facto laws applies only to statutes that impose penalties, *Collins,* 497 U.S. at 41, 110 S.Ct. at 2718–19, are retrospective, and, in general, are not procedural. *Loomer,* 768 P.2d at 1049. Because the State concedes the registration requirement is retrospective as to Snyder, we first determine whether the intent or the effect of the registration statute was to inflict punishment.

In deciding whether or not a law is penal, this Court has generally based its determination upon the purpose of the statute. If the statute imposes a disability for the purposes of punishment—that is, to reprimand the wrongdoer, to deter others, etc., it has been considered penal. But a statute has been considered nonpenal if it imposes a disability, not to punish, but to accomplish some other legitimate governmental purpose. The Court has recognized that any statute decreeing some adversity as a consequence of certain conduct may have both a penal and a nonpenal effect. The controlling nature of such statutes normally depends on the evident purpose of the legislature.

*Trop v. Dulles,* 356 U.S. 86, 96, 78 S.Ct. 590, 595–96, 2 L.Ed.2d 630 (1958) (plurality opinion) (footnotes omitted).

The State contends the registration statute is regulatory, not punitive, because it has a

law enforcement related purpose and is designed to protect children from sexual abusers and predators. The United States Supreme Court has said:

> The mark of an ex post facto law is the imposition of what can fairly be designated punishment for past acts. The question in each case where unpleasant consequences are brought to bear upon an individual for prior conduct, is whether the legislative aim was to punish that individual for past activity, or whether the restriction of the individual comes about as a relevant incident to a regulation of a present situation, . . . .

*De Veau v. Braisted,* 363 U.S. 144, 160, 80 S.Ct. 1146, 1155, 4 L.Ed.2d 1109 (1960).

█ These decisions make clear that when the legislative purpose is regulatory, legislation does not violate the ex post facto clause even though it may impose a burden. In this case, the Act is unaccompanied by a description of its purpose and legislative history does not exist which would assist in discerning whether the legislative intent was regulatory or punitive. The plain reading of the statutory scheme, however, indicates that the legislature intended to facilitate law enforcement and protection of children. There was no intent to inflict greater punishment. *See Ward,* 869 P.2d at 1071; *Noble,* 829 P.2d at 1224; *Doe v. Poritz,* 142 N.J. 1, 662 A.2d 367, 372, 405 (1995); *State v. Costello,* 138 N.H. 587, 643 A.2d 531, 533 (1994).

Snyder's concern that registration will assure police surveillance and lineup appearances if a similar crime is committed without proof of involvement is unpersuasive. Law enforcement already has access to information concerning his conviction and it is the conviction which will result in law enforcement interest should a similar crime be committed. Registration facilitates the location of child sex offenders by law enforcement personnel by providing ready access to location information of known offenders. This purpose is not related to punishing for a past offense. Protection of the public, particularly children, is a legitimate government concern. Furthermore, should a similar crime be committed, Snyder's implication that he would be an automatic suspect even without proof of involvement ignores that a registrant would be afforded all the constitutional protections to which an accused is entitled.

The sexual offender registration does not inflict greater punishment and does not violate the ex post facto clause.

### Cruel and Unusual Punishment

█ Our determination that registration is not punishment is dispositive of Snyder's claim that it is cruel and unusual punishment in violation of the United States Constitution's Eighth Amendment and Art. 1, § 14 of the Wyoming Constitution. If punishment is not involved, the constitutional provisions prohibiting cruel and unusual punishment are not implicated. *People v. Adams,* 144 Ill.2d 381, 163 Ill.Dec. 483, 487, 581 N.E.2d 637, 641 (1991). Snyder contends that registration stigmatizes and is therefore punitive; however, registration does not raise the concern of stigma. That results from conviction.

### Special Legislation

Article 3, Section 27 of the Wyoming Constitution forbids the legislature from passing special laws in thirty-seven instances, *Campbell County School Dist. v. State,* 907 P.2d 1238, 1274 (Wyo.1995), including in the area of punishment of crimes. Snyder claims that this provision and Art. 1, § 34 of the Wyoming Constitution requiring uniform operation of general laws are violated by the Act because it singles out sex offenders.

Our decisions have treated these provisions as a guarantee of equal protection, *Campbell County,* 907 P.2d at 1273; *Allhusen v. State Mental Health Prof. Lic. Bd.,* 898 P.2d 878, 884 (Wyo.1995), generally offering greater protection than the federal constitution. *Allhusen,* 898 P.2d at 884.

█ Legislative classifications are not forbidden by these constitutional provisions, nor must the legislature treat every citizen equally. *Allhusen,* 898 P.2d at 884. These provisions require that a classification be reasonable in light of the objects sought to be accomplished and that the statute operate alike upon all persons in the same or similar circumstances. *Id.* at 884–85. A proper equal protection analysis would identify the

**1132**

unconstitutional classification, the proper scrutiny to be applied, and analyze under the four-part test discussed in *Allhusen. Id.* at 885–86. Snyder provides us with none of this analysis. He complains that registration is required of sex offenders, but fails to explain how this classification does not operate alike upon all similarly situated persons. Consequently, we find no equal protection violation.

### Invalid Exercise of the Police Power

Snyder contends that registration violates the due process guarantee of Art. 1, § 6 of the Wyoming Constitution because it deprives him of liberty. He does not specify what that liberty interest is. Instead, the thrust of his argument appears to be that due process requires that the purpose of the statute be within the scope of the state's police power and, here, no purpose is served by registration, since the details of the conviction are available to law enforcement without registration.

As we have already discussed, registration facilitates the location of child sex offenders by law enforcement personnel by providing ready access to location information of known offenders. Registration is a reasonable and appropriate means for achieving this purpose and completely consistent with a state's exercise of its police power to protect the safety and general welfare of the people. *See Bulova Watch Co. v. Zale Jewelry Co. of Cheyenne,* 371 P.2d 409, 417 (Wyo. 1962); and *see State v. Langley,* 53 Wyo. 332, 342–43, 84 P.2d 767, 770 (Wyo.1938). Registration is a valid exercise of the police power and does not violate due process.

### CONCLUSION

Requiring registration of sex offenders convicted before passage of the Act is a regulatory measure and not punishment. Since the statutory scheme's purpose is not to punish, registration does not offend the federal constitution's ex post facto and cruel and unusual punishment clauses. On these facts, the registration requirement does not violate the equal protection and due process guarantees of the Wyoming Constitution.

The Act is constitutional and the order of the district court is affirmed.