COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Willis and Elder
Argued at Richmond, Virginia


JEFFREY THEODORE KITZE

                                              OPINION BY
v.         Record No. 1900-94-2          JUDGE LARRY G. ELDER
                                          SEPTEMBER 24, 1996
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                  David F. Berry, Judge


        William H. Shewmake (Shewmake, Baronian &
        Parkinson, on briefs), for appellant.

        H. Elizabeth Shaffer, Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


     Jeffrey Theodore Kitze (appellant) appeals his convictions

for rape, in violation of Code § 18.2-61, and malicious wounding,

in violation of Code § 18.2-51.  As part of appellant's sentence,

appellant was requested to register with local law enforcement

officers as a sex offender pursuant to Code § 19.2-298.1.

Appellant contends that because Code § 19.2-298.1 was enacted

after the offenses occurred, the trial court violated his federal

and state constitutional rights against the imposition of an ex

post facto law.  We disagree with appellant and affirm his

convictions.

                             I.

                            FACTS

     Following a trial on July 9, 1990, a jury found appellant

guilty of rape and malicious wounding.  The Supreme Court of

Virginia reversed these convictions and remanded the case for retrial.  See Kitze v. Commonwealth, 246 Va. 283, 435 S.E.2d 583 (1993).  On July 1, 1994, Code § 19.2-298.1 became effective.  Appellant pled guilty to both charges at his second trial on August 26, 1994.  The trial court sentenced appellant to serve forty years in prison with ten years suspended on the rape conviction, and ten years in prison with five years suspended on the malicious wounding conviction.  In addition, the trial court required appellant to register with the Sex Offender Registry of the Department of State Police, in accordance with Code § 19.2-298.1.

II.

EX POST FACTO LAW

The United States Constitution, article 1, § 10, and the Virginia Constitution, article 1, § 9, prohibit the Commonwealth from enacting ex post facto laws.  These constitutional prohibitions on ex post facto laws apply only to statutes that impose penalties, Collins v. Youngblood, 497 U.S. 37, 41 (1990), or where the challenged change in the law "alters the definition of criminal conduct."  California Dept. of Corrections v. Morales, __ U.S. __, __ n.3, 115 S. Ct. 1597, 1602 n.3 (1995).

> In deciding whether or not a law is penal, [the United States Supreme] Court has generally based its determination upon the purpose of the statute.  If the statute imposes a disability for the purposes of punishment--that is, to reprimand the wrongdoer, to deter others, etc., it has been considered penal.  But a statute has been

-2-

> considered nonpenal if it imposes a
> disability, not to punish, but to accomplish
> some other legitimate governmental purpose.
> The Court has recognized that any statute
> decreeing some adversity as a consequence of
> certain conduct may have both a penal and a
> nonpenal effect.  The controlling nature of
> such statutes normally depends on the evident
> purpose of the legislature.

Trop v. Dulles, 356 U.S. 86, 96 (1958)(plurality opinion)
(footnotes omitted); Snyder v. State, 912 P.2d 1127, 1130 (Wyo.
1996)(holding that registration of sex offenders under the
Wyoming Sex Offenders Registration Act does not offend the
prohibition against ex post facto laws).

The statutory scheme under which appellant was required to
register as a sex offender creates a Sex Offender Registry in the
Commonwealth.  The purpose of the Registry is:

> to assist the efforts of law-enforcement
> agencies to protect their communities from
> repeat sex offenders and to protect children
> from becoming the victims of repeat sex
> offenders by helping to prevent such
> individuals from being hired or allowed to
> volunteer to work directly with children.

Code § 19.2-390.1(A).  Every person convicted on or after July 1,
1994, of a sex crime such as rape is required to register with
the Department of State Police within thirty days from release
from confinement.  Code § 19.2-298.1(A).  A knowing and
intentional failure to register is punishable as a Class 1
misdemeanor, Code § 19.2-298.1(E), and could expose the sex
offender to contempt of court charges for failure to abide by the
Commonwealth's laws during a period of suspension.

We hold that the sex offender registration requirement is not penal and that the General Assembly "intended to facilitate law enforcement and protection of children.  There was no intent to inflict greater punishment [on the convicted sex offender]." Snyder, 912 P.2d at 1131.  Protecting the public and preventing crimes are regulatory, not punitive, purposes.  Artway v. New Jersey, 81 F.3d 1235, 1264 (3d Cir. 1996)(citing De Veau v. Braisted, 363 U.S. 144, 160 (1960)).

> Here, the solely remedial purpose of helping law enforcement agencies keep tabs on these offenders fully explains requiring certain sex offenders to register.  Registration may allow officers to prevent future crimes by intervening in dangerous situations.  Like the agent who must endure the snow to fetch the soupmeat, the registrant may face some unpleasantness from having to register and update his registration.  But the remedial purpose of knowing the whereabouts of sex offenders fully explains the registration provision just as the need for dinner fully explains a trip out into the night.  And the means chosen--registration and law enforcement notification only--is not excessive in any way.  Registration, therefore, is certainly "reasonably related" to a legitimate goal: allowing law enforcement to stay vigilant against possible re-abuse.

Artway, 81 F.3d. at 1265.

Other states considering this issue have reached the same result.  For example, the Court of Appeals of Minnesota recently concluded "that [Minnesota's sex offender] registration statute does not impose an affirmative disability, has not historically been viewed as punishment, and does not advance the traditional

-4-

aims of punishment." State v. Manning, 532 N.W.2d 244, 248 (Minn. Ct. App. 1995). Similarly, the Supreme Court of New Hampshire held that "the [New Hampshire] sexual offender registration [requirement] inflicts no greater punishment" upon the sex offender and does not violate ex post facto principles. State v. Costello, 643 A.2d 531, 534 (N.H. 1994). In State v. Ward, 869 P.2d 1062, 1068, 1074 (Wash. 1994)(en banc), the Supreme Court of Washington held that both the purpose and effect of Washington's sex offender registration requirement were not punitive. See also Doe v. Poritz, 662 A.2d 367 (N.J. 1995) (holding that New Jersey's sex offender registration requirement had a totally remedial purpose); People v. Adams, 581 N.E.2d 637 (Ill. 1991)(holding that Illinois' sex offender registration requirement does not constitute punishment).

While registration might impose a burden on a convicted sex offender, registration is merely a remedial aspect of a sex offender's sentence. As the Supreme Court of New Jersey held:

> [t]he fact that some deterrent punitive impact may result, does not . . . transform [sex offender registration] provisions into "punishment" if that impact is an inevitable consequence of the regulatory provision, as distinguished from an impact that results from "excessive" provisions, provisions that do not advance the regulatory purpose.

Poritz, 662 A.2d at 405 (footnote omitted). Any potential punishment arising from the sex offender's failure to register is prospective and does not punish him or her for past criminal

activity.  See Jones v. Murray, 962 F.2d 302, 310 n.3 (4th Cir.),

cert. denied, 506 U.S. 977 (1992).[1]

Similarly, a potential contempt violation for failure to

abide by the trial court's sentencing order, which could lead to

a reimposition of any suspended jail time and a revocation of

parole and probation rights, is prospective.  In Costello, the

defendant was prosecuted for violating the terms of his probation

by failing to register as a sex offender.  The Supreme Court of

New Hampshire stated:

> [T]he defendant's argument with respect to
> the added burden he suffers is that he is
> being prosecuted for an act (not registering)
> that was not illegal when he committed the
> underlying sexual assault.  This misconstrues

---

[1]  The Fourth Circuit Court of Appeals held in Jones, with
regard to sanctions for failure to provide a DNA sample:

> Suffice it to say that whatever punishment or
> disadvantagement is imposed results, not by
> reason of conduct that took place before
> enactment of the statute, so as to become
> retrospective, but from conduct that occurred
> after enactment in refusing to comply with a
> reasonable regulation.

Jones, 962 F.2d at 310 n.10.

Furthermore:

> [t]he mark of an ex post facto law is
> the imposition of what can fairly be
> designated punishment for past acts.  The
> question in each case where unpleasant
> consequences are brought to bear upon an
> individual for prior conduct, is whether the
> legislative aim was to punish that individual
> for past activity, or whether the restriction
> of the individual comes about as a relevant
> incident to a regulation of a present
> situation . . . .

Snyder, 912 P.2d at 1131 (citing De Veau, 363 U.S. at 160).

-6-

> the appropriate <u>ex</u> <u>post</u> <u>facto</u> analysis. In
> fact, the defendant is being prosecuted for
> an act, failure to register, that was itself
> an offense when the defendant committed it,
> which presents no problems of
> retrospectivity.

<u>Costello</u>, 643 A.2d at 533.

Most of the cases discussed above involve situations where the registration requirement was <u>not</u> imposed as part of the defendant's sentence, but rather was imposed subsequently.[2] This does not alter our analysis of whether the registration requirement constitutes punishment. Merely because a trial court imposes the registration requirement as part of a sentence does <u>not</u> convert a non-punitive statute into a punitive statute. For example, in <u>People v. Starnes</u>, 653 N.E.2d 4 (Ill. App. Ct.), <u>appeal denied</u>, 657 N.E.2d 635 (1995), the trial court's sentencing order required the defendant to register as a first-time sex offender, even though at the time of the offense, Illinois required only second-time sex offenders to register. The Illinois Court of Appeals rejected the defendant's <u>ex</u> <u>post</u> <u>facto</u> argument, holding that the registration requirement did not constitute punishment, even where it was imposed as part of the defendant's sentence. <u>Id.</u> at 6.

For these reasons, we hold that the sex offender registration requirement does not violate the constitutional prohibitions against <u>ex</u> <u>post</u> <u>facto</u> laws. We therefore affirm

---

[2] Other state statutes allow a court to impose the registration requirement retroactively, after the sex offender's original sentence is imposed. <u>See, e.g.</u>, N.J. Stat. Ann. § 2C:7-2b(1)(West 1995); Wash. Rev. Code § 9A:44.130 (West 1995).

appellant's convictions.

                                                            Affirmed.

Benton, J., dissenting.

The issue in this case is not complicated. The evidence proved that Jeffrey Theodore Kitze committed acts in 1989 that led to indictments for rape and malicious wounding. At that time, Code § 19.2-298.1 had not been enacted. Kitze was tried in 1990 and convicted of rape and malicious wounding. His convictions were reversed on appeal and remanded for a new trial. See Kitze v. Commonwealth, 246 Va. 283, 435 S.E.2d 583 (1993). At that time, Code § 19.2-298.1 had not been enacted.

On remand and during the course of the new trial in August 1994, Kitze pled guilty to both charges. Prior to the commencement of the second trial, Code § 19.2-298.1 became effective. In pertinent part, the statute reads as follows:

Every person convicted on or after July 1, 1994, for a felony in violation of §§ 18.2-61, [,rape,] shall be required as a part of the sentence imposed upon conviction to register with the Department of State Police. The order shall also impose a duty to keep the registration current in accordance with this section.

Code § 19.2-298.1(A)(emphasis added).

In sentencing Kitze upon his plea of guilty, the trial judge's order stated that "[i]t is further ORDERED, in accordance with Virginia Code Section 19.2-298.1, that the defendant register with the Sex Offender Registry of the Department of State Police within thirty days from the date of his release from incarceration and to keep the registration current in accordance with said section." This statutorily mandated penalty did not

exist as an aspect of sentencing when Kitze committed the criminal offenses.

The Constitution of the United States provides that "[n]o State shall . . . pass any . . . ex post facto Law."  Art. I, § 10.  "It is settled, by decisions of . . . [the Supreme] Court . . . , that any statute . . . which makes more burdensome the punishment for a crime, after its commission, . . . is prohibited as ex post facto."  Beazell v. Ohio, 269 U.S. 167, 169-70 (1925).  "[T]he Latin phrase 'ex post facto' literally encompasses any law passed 'after the fact,' [;thus,] it has long been recognized by . . . [the Supreme] Court that the constitutional prohibition on ex post facto laws applies . . . to penal statutes which disadvantage the offender affected by them."  Collins v. Youngblood, 497 U.S. 37, 41 (1990).  "[T]wo critical elements must be present for a criminal or penal law to be ex post facto:  it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it."  Weaver v. Graham, 450 U.S. 24, 29 (1981).  Thus, the Constitutional prohibition against ex post facto laws "forbids the application of any new punitive measure to a crime already consummated."  Lindsey v. Washington, 301 U.S. 397, 401 (1937).

The Constitution of Virginia also mandates "that the General Assembly shall not pass . . . any ex post facto law."  Art. I, § 9.  The following principle was stated long ago by the Supreme

-10-

Court of Appeals of Virginia:

> [T]he phrase ex post facto law, as used in the constitution, is . . . applicable . . . to criminal and penal laws, which impose a punishment for previous acts which were not punishable at all when committed, or not punishable to the extent or in the manner prescribed.  So that ex post facto laws relate to penal and criminal proceedings which inflict punishment or forfeitures.

Town of Danville v. Pace, 25 Gratt. (66 Va.) 1, 9 (1874).

In this case, the trial judge ordered "as a part of the sentence imposed upon [Kitze's] conviction" that Kitze register with the State Police and maintain a current registration.  I believe that the sentencing requirement, mandated by Code § 19.2-298.1(A), is penal in character and is an ex post facto law when applied to persons who committed offenses prior to July 1, 1994.  "The critical question . . . is whether the new provision imposes greater punishment after the commission of the offense, not merely whether it increases a criminal sentence." Weaver, 450 U.S. at 32 n.17.  Code § 19.2-298.1(A) requires the sentencing judge to order registration as an incident of conviction.  The statutory requirement imposes a burden only by virtue of the felony conviction, and it "makes more onerous the punishment for crimes committed before its enactment."  Id. at 36.  Registration as a sex offender is a mandatory requirement to be imposed by the sentencing judge following each felony conviction, and it may be enforced by criminal contempt or by any other power available to the criminal process.

-11-

In an early case, the United States Supreme Court stated that the "deprivation of any rights, civil or political, previously enjoyed, may be punishment." Cummings v. Missouri, 71 U.S. 277, 320 (1867). Indeed, state imposed "registration has traditionally been viewed as punitive." State v. Noble, 829 P.2d 1217, 1222 (Ariz. 1992). See also State v. Payne, 633 So. 2d 701, 703 (La. App. 1993), cert. denied, 637 So. 2d 497 (La. 1994).

The constitutional prohibition against ex post facto laws extends to all penalties and punishments; it does not just apply to terms of imprisonment. Any changes in the law which infringe upon "substantial personal rights" are ex post facto violations. Malloy v. South Carolina, 237 U.S. 180, 183 (1915). Indeed, insubstantial changes in fines and other penalties imposed at sentencing have been found to be violative of the prohibition against ex post facto laws. See Matter of Appeal in Maricopa County Juv. Action, 677 P.2d 943, 946 (Ariz. App. 1984)(Statute disadvantages an offender and therefore violates the constitutional prohibitions against ex post facto laws when it requires Court to levy a "rehabilitati[ve] . . . monetary assessment" not in effect at the time the offense was committed); Eichelberger v. State, 916 S.W.2d 109, 112 (Ark. 1996) (retroactive increase in restitution requirements violated prohibitions against ex post facto laws); People v. Rayburn, 630 N.E.2d 533, 538 (Ill. App. 1994)(statute requiring levy of

mandatory assessment for the family abuse fund upon conviction was an _ex post facto_ increase in punishment); _State v. Kaster_, 469 N.W.2d 671, 673-74 (Iowa 1991)(ten dollar increase in a civil damages assessment that was required to be levied upon a person convicted of unlawfully taking fish was a prohibited _ex post facto_ enhancement of punishment); _State v. Short_, 350 S.E.2d 1, 2 (W. Va. 1986)(change in statute after date of offense that granted the ability to enforce an order of restitution beyond the period of probation violated the prohibition against _ex post facto_ laws).

Citing _People v. Starnes_, 653 N.E.2d 4 (Ill. App. Ct.), _appeal denied_, 657 N.E.2d 635 (1995), the majority rules that registration requirement is not punishment when imposed as a part of a criminal sentence. _Starnes_, held, however, "that defendant has waived his constitutional challenge." 653 N.E.2d at 6. The portion of the opinion relied upon by the majority is pure _dicta_.

Furthermore, I disagree with the majority's view that "registration is merely a remedial aspect of a sex offender's sentence." While registration may serve a remedial purpose under certain circumstances, when it is imposed as a requirement of a felony sentencing order it also "disadvantage[s] the offender," as does requiring the defendant to pay fines or restitution, _Weaver_, 450 U.S. at 29, and therefore, constitutes punishment. Thus, applying Code § 19.2-298.1 retroactively to Kitze increased his punishment and violated the _ex post facto_ clause.

By extending the scope of Code § 19.2-298.1(A) to persons convicted on or after July 1, 1994, for a proscribed felony committed before July 1, 1994 (the effective date of the act), the General Assembly enacted an _ex_ _post_ _facto_ law.  As to Kitze, the imposition of that requirement is a punishment for a past criminal act.

For the foregoing reasons, I would hold that the statute's application to Kitze is unconstitutional as a violation of the _ex_ _post_ _facto_ clauses of both the United States and Virginia Constitutions.