REQUESTED BY: Joe C. Steele, Nebraska Court Administrator
You have asked whether the Nebraska Sex Offender Registration Act (Legislative Bill 645, 1996 Legislative Session) is applicable to offenders who were sentenced prior to January 1, 1997, but who remain on probation for the sex offense or in custody for that offense on January 1, 1997. We conclude that the Act is applicable to sex offenders who are on probation or in custody for their sex offense on January 1, 1997.
The Sex Offender Registration Act has been codified at Neb. Rev. Stat. §§ 29-4001 to 29-4013 (Cum. Supp. 1996).
Section 29-4003(c) provides that the Act shall apply to any person who on or after January 1, 1997:
 is incarcerated in a jail, a penal facility, or any other public or private institution or is under probation or parole as a result of pleading guilty to or being found guilty of an offense listed in subdivisions (1)(a) and (b) of this section prior to January 1, 1997.
The clear language of § 29-4003(c), and the legislative intent expressed in § 29-4002, leave no doubt that the registration requirements of the Act are applicable to offenders who committed a sex offense listed in § 29-4003 (1)(a) and (b) prior to January 1, 1997, and who are on probation, parole, or in custody for that offense on January 1, 1997.
We find no reason to conclude that the Act's registration requirement for such offenders convicted prior to January 1, 1997, would be unconstitutional.
The "Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act", codified at 42 U.S.C. § 14071,et seq., was passed by Congress as part of the Violent Crime Control and Law Enforcement Act of 1994. The federal Act mandates that states implement programs requiring "a person who is convicted of
. . . a sexually violent offense to register" with the state in which he or she resides. The failure of a state to implement such a program can cause the state to be ineligible for certain federal funds for drug control. [42 U.S.C. § 3756]. Of those states which enacted sex offender registration laws before the state of Nebraska, most applied the registration requirement to offenders convicted prior to the effective date of the statutes.See Doe v. Poritz, 662 A.2d 367, 428 (N.J. 1995). Such a "retroactive" application of the registration requirement has been found not to violate constitutional search and seizure protections, the ex post facto clause, the double jeopardy clause, the bill of attainder clause, the cruel and unusual punishment clause, the equal protection clause, or due process.See, e.g., Poritz, 662 A.2d 367 at 380-422; State v. Ward,869 P.2d 1062 (Wash. 1994); Snyder v. State, 912 P.2d 1127
(Wyo. 1996); Artway v. Attorney General of State of New Jersey,81 F.3d 1235 (3rd Cir. 1996).
As the Nebraska Supreme Court has noted, "under the Double Jeopardy Clause, a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not be fairly characterized as remedial, but only as a deterrent orretribution." State v. Hansen, 249 Neb. 177, 188-89 (1996), quoting United States v. Halper, 490 U.S. 435, 448-49 (1985), with emphasis supplied by Nebraska Supreme Court. In Hansen, the Nebraska Supreme Court also acknowledged that nonpunitive, remedial measures could include deterrent aspects. Hansen,249 Neb. at 177, citing Department of Revenue of Montana v. KurthRanch, 114 S.Ct. 1937 (1994). In Hansen, the Nebraska Supreme Court found that Nebraska's Administrative License Revocation Statutes were designed primarily to serve remedial purposes, and only secondarily to serve the "exemplary purpose" of general deterrence, so the statutes did not violate the Double Jeopardy Clause. Hansen, 249 Neb. at 184-93; State v. Young, 249 Neb. 539,542-44 (1996).
Neb. Rev. Stat. § 29-4002 (Cum. Supp. 1996) provides:
 The Legislature finds that sex offenders present a high risk to commit repeat offenses. The Legislature further finds that efforts of law enforcement agencies to protect their communities, conduct investigations, and quickly apprehend sex offenders are impaired by the lack of available information about individuals who have pleaded guilty to or have been found guilty of sex offenses and who live in their jurisdiction. The Legislature further finds that state policy should assist efforts of local law enforcement agencies to protect their communities by requiring sex offenders to register with local law enforcement agencies as provided by the Sex Offender Registration Act.
Because the Nebraska Sex Offender Registration Act is designed to protect the public, and not to further punish convicted offenders, we find no reason to conclude that the application of the Act to offenders convicted prior to the effective date of the Act, but remaining on probation, parole, or in custody as of the effective date of the Act, would constitute any violation of the double jeopardy, ex post facto, bill of attainder, or cruel and unusual punishment clauses, or any other provision of the federal or Nebraska constitutions.
Sincerely,
 DON STENBERG Attorney General
 Laurie Smith Camp Deputy Attorney General
APPROVED:
Don Stenberg
Attorney General