Dear Mr. Spruel:
You are seeking an Attorney General's Opinion on behalf of the Calcasieu Parish School Board concerning sex offender notification as set forth in Act 605 of the 1995 Regular Session and Act 928 of the 1995 Regular Session. Specifically, you ask the following questions:
 1) Where a convicted sex offender lives within a school zone, can the Calcasieu Parish School Board notify all parents within the school zone of the name and address of the convicted sex offender?
 2) Can the notice that is given to all parents within the school zone include a picture of the convicted sex offender?
Sex offender notification is required in C.Cr.P. Art. 895 (H)12, LSA-R.S. 15:574.4H(2), and LSA-R.S. 15:542 (B). C.Cr.P. Art. 895
pertains to the notification that is required of a convicted sex offender that is placed on probation. LSA-R.S. 15:574.4 concerns the notification that is required of a convicted sex offender that is paroled. LSA-R.S. 15:542 requires sex offenders residing in Louisiana to register with the sheriff of the parish of the person's residence or with the police department of his municipality or residence if the population of the parish is in excess of four-hundred-fifty thousand. All three require the sex offender to give notice to various different individuals in the district where the offender will reside. The notification requirements in these statutes and article contain some similar provisions.
LSA-R.S. 15:574.4H(2) requires a convicted sex offender who is paroled to give notice to the following persons and in the following manner:
 (i) People who live within a one-mile radius in a rural area or a three-square block area in an urban or suburban area of the address where the offender will reside upon release on parole.
 (ii) The superintendent of the school district within the designated area where the offender will reside, who shall notify the principal of whichever schools the superintendent thinks should be notified of the offender's name, address, and crime for which he was convicted and paroled. The superintendent shall also notify the principal and headmaster of each nonpublic school located within the designated area where the offender will reside. The notice sent by the superintendent shall be accompanied by two clear, recent photographs or a clear photocopy of the offender. The photographs, which shall be provided by the offender, shall be taken after release and within sufficient time to accompany the notification which is a required condition of parole.
 (iii) The superintendent of the park, playground, and recreation districts within the designated area where the offender will reside, who shall notify the custodians of whichever parks, playgrounds, and recreational facilities of the offender's name, address, and the crime for which he was convicted. The notice sent by the superintendent shall be accompanied by two clear recent photographs or a clear photocopy of the offender. The photographs, which shall be provided by the offender, shall be taken after release and within sufficient time to accompany the notification which is a required condition of parole.
 (b) That the offender give notice of the crime for which he was convicted and paroled, his name, and his address, by mail, to all people residing within the designated area, including the superintendent of the park, playground, and recreation districts and the superintendent of the school district within the designated area, within thirty days of the release on parole or within thirty days of setting up residency in the locale where the offender plans to have his domicile, and that the notice be published on two separate days within this thirty-day period of time, without cost to the state, in the official journal of the governing authority of the parish where the offender will reside. This notice which shall be provided to the superintendent of the school district, the superintendent of the park, playground, and recreational districts and the official journal shall also include a recent photograph or a clear photocopy of the offender. The board may order any other form of notice which it deems appropriate, including but not limited to signs, handbills, bumper tickets, or clothing labeled to that effect.
C.Cr.P. Art. 895 which specifies the notification a convicted sex offender who is on probation is required to send had the same notification provisions as LSA-R.S. 15:574.4H(2) prior to a recent amendment. The 1996 amendment deleted the requirement that the superintendent shall notify by photograph the principal of whichever schools the superintendent thinks should be notified and the principal and headmaster of each nonpublic school located in the public school district where the defendant will reside. Prior to the amendment, the notice sent by the superintendent was required to be accompanied by two clear, recent photographs or a clear photocopy of the defendant. [See amended statute C.Cr.P. Art 895 H(1)(b)].
Additionally, prior to the amendment, notice by a convicted sex offender on probation was required to be given to the superintendent of the park, playground and recreation districts within the designated area where the defendant will reside. This notice was also required to be accompanied by two recent photographs or clear photocopy of the defendant. Although this is still mandated for a convicted sex offender on parole, it is not a requirement for a convicted sex offender on probation.
Also, prior to the amendment, the notice that is required to be published in the official journal of the governing authority of the parish where the defendant plans to reside had to be accompanied by a recent photograph or a clear photocopy of the defendant. This is no longer a requirement in Art. 895H(2).
LSA-R.S. 15:542B appears to contain no substantive changes in the notification that a convicted sex offender has to give. Please note that a sex offender is not required to give notice pursuant to this statute to the superintendent of the park, playground and recreation districts within the designated area. However, please note that this is a requirement in LSA-R.S. 15:574.4H(2) for paroled sex offenders.
These changes appear to indicate that the notification requirements a sex offender has to give are not quite as broad as they previously were. However, this is not to say that the court in which the defendant was convicted of the offense does not have great discretion in ordering the defendant to give other notice requirements. C.Cr. P. Art. 895, LSA-R.S. 15:542 and LSA-R.S.15:574.4 all provide that the court ". . . may order any other form of notice which it deems appropriate, including but not limited to signs, handbills, bumper stickers, or clothing labeled to that effect."
There are numerous cases that deal with statutory requirements concerning sex offender notification. In most of these cases the plaintiff is challenging the registration and notification required by statute on the ground that such statutes are Ex Post Facto Law. Ex Post Facto Law is defined in Black's Law Dictionary as:
 . . . a law which provides for the infliction of punishment upon a person for an act done which, when it was committed was innocent; a law which aggravates a crime or makes it greater than when it was committed; . . .
Although this does not appear to be the issue in your opinion request, a review of some of these cases shows that most states have sex offender statutes that require notification that provides for either no public disclosure, (see Snyder v. State,912 P.2d 1127, 1129 (Wyo. 1996)), limited disclosure, (see Statev. Noble, 829 P.2d 1217 (Az. 1992)), or carefully tailored community notification (see John Doe v. Poritz, 662 A.2d 367
(N.J. 1995)). Citing Kansas v. Meyers, 923 P.2d 1024 (Kan. 1996)).
In Kansas v. Meyers, supra, the Supreme Court of Kansas held that the registration requirements of the Kansas Sex Offender Registration Act which places no restrictions on who is given access to information about registered offenders or what the recipient of the information does with it was excessive and went beyond that necessary to promote public safety. A petition for certiorari was filed with the Supreme Court on November 21, 1996 and is still pending.
In response to your questions and in light of the statutes and cases, strict and narrow interpretation of the notification requirements of a convicted sex offender should be applied. However, please remember that the judge has broad discretion ordering other forms of notice which he deems appropriate, including, but not limited to signs, handbills, bumper stickers, or clothing labeled to that effect. Therefore, without the trial court judge ordering such notice, it appears that the Calcasieu Parish School Board can not notify the parents within the school zone of the name and address of the convicted sex offender.
In response to your second question, a picture of the convicted sex offender can not be given to the parents within the school zone. As previously discussed, the law concerning convicted sex offenders on probation was recently changed so as to not require photographs to be included in the required notice. Photographs are still required for the notification that is to be given by convicted sex offenders on parole. However, since the law seems to be very specific as to when photographs are to be published, notice to parents including photographs does not appear to be allowed by law. Once again, the judge has great discretion in determining the notice that is appropriate on a case-by-case basis.
I hope this has sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc