# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Dennis C. Corbett

v.

Commonwealth of Virginia

May 22, 2007

Case No. (Civil) CL06-2691

BY JUDGE FREDERICK H. CREEKMORE

This matter is before the Court on the Commonwealth's Demurrer to plaintiff's Motion for Declaratory Judgment, which asks the Court to determine whether the provisions of Va. Code § 9.1-902 require him to register as a sex offender. The plaintiff argues: (1) to require him to register under the Virginia Sex Offender Registry would violate ex post facto prohibitions found in the United States and Virginia Constitutions; and (2) Va. Code § 9.1-902 is ambiguous as to whether plaintiff is required to register. The Court has carefully considered the pleadings, briefs submitted by counsel, and oral arguments heard by the Court on April 17, 2007.

"A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Glazebrook v. Board of Supervisors of Spotsylvania County*, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003). Further, a demurrer "admits the truth of the facts contained in the pleading to which it is addressed, as well as any facts that may be reasonably and fairly implied and inferred from those allegations. A demurrer does not, however, admit the correctness of the pleader's conclusions of law." *Taboada v. Daily Seven, Inc.*, 271 Va. 313, 317, 626 S.E.2d 428, 429 (2006); *Harris v. Kreutzer*, 271 Va. 188, 195, 624 S.E.2d 24, 28 (2006).

In *Kitze v. Commonwealth*, 23 Va. App. 213, 475 S.E.2d 830 (1996), *cert. denied*, 522 U.S. 817 (1997), the Court of Appeals held that the requirement to register under the Virginia Sex Offender Registry does not run

afoul of the ex post facto prohibitions of the United States or Virginia Constitutions because "the sex offender registration requirement is *not* penal . . . the General Assembly 'intended to facilitate law enforcement and protection of children. There was no intent to inflict greater punishment [on the convicted sex offender].' Protecting the public and preventing crimes are regulatory, not punitive, purposes." *Id.* at 217, 475 S.E.2d at 832 (internal citations omitted). Therefore, the Court is of the opinion that, in the instant case, plaintiff's being required to register under the Virginia Sex Offender Registry does not violate any constitutional ex post facto prohibition. The Court is further of the opinion that Va. Code § 9.1-902 is not ambiguous and that a clear reading indicates that plaintiff is required to register pursuant to Va. Code § 9.1-902(A)(2) (*"Offense for which registration is required"*).

Therefore, the Court holds that plaintiff is required to register under the Virginia Sex Offender Registry pursuant to Va. Code § 9.1-902(A)(2) (*"Offense for which registration is required"*) and, accordingly, the Commonwealth's Demurrer is sustained, with prejudice.