**Brian C. CARPENTER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2006–CA–001012–MR.

Court of Appeals of Kentucky.

June 22, 2007.

Case Ordered Published by Court of Appeals Aug. 10, 2007.

Greta S. Price, David S. Hoskins, Corbin, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, C. David Yates, Assistant Attorney General, Frankfort, KY, for appellee.

Before ABRAMSON and TAYLOR, Judges, KNOPF,[1] Senior Judge.

## OPINION

KNOPF, Senior Judge (Assigned).

Brian C. Carpenter appeals the denial of his motion to set aside a guilty plea which he alleges was not knowingly and voluntarily entered because his counsel provided him with incorrect information as to the requirement that he register as a sex offender. We affirm.

Carpenter was indicted for first-degree rape by engaging in sexual intercourse with a child under the age of 14. Just prior to trial, the Commonwealth offered to amend the charge to second-degree sexual abuse in exchange for his pleading guilty to that offense. The Commonwealth's recommendation on sentencing was reduced to writing as follows:

> On a plea of guilty to Amended Count I, the Commonwealth recommends 12 months, probated 12 months, on the condition that the defendant serve 14 days in jail and 60 days on G.P.S. Monitoring through Emcon G.P.S. Defendant shall have no contact with the victim or her family.

On August 9, 2005, Carpenter entered a plea and the trial court sentenced him in accordance with the Commonwealth's recommendation. In addition to 12 months of unsupervised probation, the trial court required that Carpenter submit to random alcohol and/or drug testing required by the Department of Probation and Parole; pay $125 in court costs within 60 days; and undergo sex offender evaluation and treatment with the assistance of the Department of Probation and Parole.

Shortly thereafter, Carpenter was notified of the requirement that he register as a sex offender. Carpenter then filed a motion to suspend his sentence alleging that a specific condition of his agreement with the Commonwealth was that he not have to register under KRS 17.500 et seq, the Sex Offender Registration Act. Because application of the registration act is mandatory in cases in which the victim is a minor, it necessarily applied to Carpenter's situation. "Registrant" is defined in the pertinent subsections of KRS 17.500(5) as:

> (a) Any person eighteen (18) years of age or older at the time of the offense or any youthful offender, as defined in KRS 600.020, who has committed:
>   1. A sex crime; or
>   2. A criminal offense against a victim who is a minor; or
> (b) Any person required to register under KRS 17.510. . . .

KRS 17.510(2) sets out the requirements imposed upon a registrant:

> (2) A registrant shall, on or before the date of his or her release by the court, the parole board, the cabinet, or any detention facility, register with the appropriate local probation

1. Senior Judge William L. Knopf sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

and parole office in the county in which he or she intends to reside. The person in charge of the release shall facilitate the registration process.

The act also specifies the manner in which a defendant is to be notified as to the requirement that he register:

(3) Any person required to register pursuant to subsection (2) of this section shall be informed of the duty to register by the court at the time of sentencing if the court grants probation or conditional discharge or does not impose a penalty of incarceration, or if incarcerated, by the official in charge of the place of confinement upon release. The court and the official shall require the person to read and sign any form that may be required by the cabinet, stating that the duty of the person to register has been explained to the person. The court and the official in charge of the place of confinement shall require the releasee to complete the acknowledgment form and the court or the official shall retain the original completed form. The official shall then send the form to the Information Services Center, Kentucky State Police, Frankfort, Kentucky 40601.

KRS 17.510(3). It is undisputed that there was no mention of the registration requirement at the acceptance of Carpenter's plea nor at his sentencing.

Carpenter subsequently filed a motion to withdraw his guilty plea, arguing that the plea could not be considered voluntary in that he was misinformed as to an important aspect of the agreement. Despite the fact that the subject of the registration requirement was not addressed at the time his plea was accepted, nor was it a part of the Commonwealth's written offer, Car-

penter nevertheless argued that both the Commonwealth and the trial court had reason to know it was an essential element of his agreement to plead guilty. Carpenter thus insisted that he should be permitted to withdraw his plea because it could not be considered voluntary and the benefit of his agreement with the Commonwealth was illusory.

After conducting a hearing, the trial court denied Carpenter's motion based upon a finding that the plea was voluntarily entered despite the misinformation concerning registration. In its order, the trial court specifically noted that "[i]f the Defendant was not fully informed of the collateral consequences of his plea, it was through no action of the Commonwealth or the Court that such omission occurred." The trial judge concluded, however, that because Carpenter had not been informed of the registration requirement at sentencing as mandated by KRS 17.510(3), he would need to be re-sentenced in compliance with that statute.

Carpenter predicates his argument that he should have been permitted to withdraw his plea on four related contentions: 1) that the Commonwealth breached the plea agreement; 2) that his plea is constitutionally defective because it was not knowing and voluntary; 3) that the plea agreement was illusory; and 4) that his plea was induced by defense counsel's misrepresentations. None of these claims, however, provides a sufficient basis for the withdrawal of Carpenter's plea because the misinformation of which he complains relates solely to a collateral matter.

In *Commonwealth v. Fuartado* 170 S.W.3d 384, 386 (Ky.2005), the Supreme Court of Kentucky addressed similar arguments relating to the failure to advise a defendant of the potential deportation consequences of entering a guilty plea:

In cases where defendants are agreeing to plead guilty in accordance with a plea bargain, this principle of protecting a criminal defendant's right to be fairly tried and justly convicted is extended to include investigating and advising the criminal defendant on all aspects of the plea and the direct consequences thereof-such as the sufficiency of the evidence supporting the plea, the availability of substantial defenses, the loss of several fundamental constitutional rights, and the punishment that may be imposed by the trial court. **The existence of collateral consequences is irrelevant to the determination of a defendant's guilt or innocence and completely outside the authority or control of the trial court.** Accordingly, we find, along with the majority of other courts determining the issue, that the Sixth Amendment requires representation encompassing only the criminal prosecution itself and the direct consequences thereof. Because the consideration of collateral consequences is outside the scope of representation required under the Sixth Amendment, failure of defense counsel to advise Appellee of potential deportation consequences was not cognizable as a claim for ineffective assistance of counsel. [Citations omitted, emphasis added.]

The registration requirements set out in KRS 17.500 *et seq* clearly fall within this rationale.

The nature and purpose of sex offender registration statutes was explained by our Supreme Court in *Hyatt v. Commonwealth*, 72 S.W.3d 566, 572–573 (Ky.2002):

The Registration and Notification Statutes are reasonably related to the nonpunitive goals of protecting the public and facilitating law enforcement. *Doe v. Pataki*, 120 F.3d 1263 (2nd Cir.1997).

Registration is a reasonable and proper means for achieving its purpose and completely consistent with the exercise of the police power of the Commonwealth to protect the safety and general welfare of the public. *Snyder v. State*, 912 P.2d 1127 (Wyo.1996). Any potential punishment arising from the violation of the Sex Offender's Registration Act is totally prospective and is not punishment for past criminal behavior. *See Kitze v. Commonwealth*, 23 Va.App. 213, 475 S.E.2d 830 (1996). **Although registration might impose a burden on a convicted sex offender, registration is merely a remedial aspect of the sentence.** *See Kitze, supra.* **The registration and notification required by the statutes are nonpunitive and provide only the slightest inconvenience to the defendant, although they provide the overwhelming public policy objective of protecting the public.** [Emphasis added.]

In view of this analysis, it is plain that the registration requirement constitutes a purely collateral consequence which implicates neither the constitutionality of Carpenter's plea nor his counsel's effectiveness. *Fuartado, supra.*

Nor can the application of the registration requirement be considered to be a breach of the Commonwealth's agreement. The registration requirement was not mentioned in the Commonwealth's written order, nor was it addressed in the proceedings on the entry of Carpenter's plea. Most importantly, the registration requirement was not a matter within the control of the Commonwealth. Because the General Assembly directed that registration is mandatory in cases in which the victim is a minor, neither the Commonwealth nor the trial court had authority to relieve Carpenter of the requirement.

As to the contention that the agreement is illusory because it failed to address a matter of importance to Carpenter, we need only recite the fact that he was sentenced to only 12 months of unsupervised probation for a misdemeanor offense when faced with the prospect of trial on charges of first-degree rape against a thirteen-year-old victim. We find nothing illusory about the benefits received in that bargain.

In his final argument, Carpenter relies upon an off-the-record in-chambers conference, which occurred immediately prior to the plea colloquy, as support for his contention that both the Commonwealth and the trial court were aware that he would not have entered a plea if the true facts regarding registration had been known to him. This case forcefully illustrates the dangers inherent in off-the-record discussions. Had this discussion occurred on the record in the presence of the defendant, there would be no question as to what transpired. As it is, the most that can be gleaned from the recorded proceedings are statements made at the hearing on Carpenter's motion to withdraw his guilty plea, a hearing which occurred more than six months later. On the question of his involvement in the pre-plea discussion which may have resulted in erroneous information being provided to Carpenter, the trial judge could state only that if he had concurred in counsel's view that registration was not required for misdemeanants, he was mistaken. Counsel's hindsight recollection of discussions which occurred off-the-record simply does not provide a sufficient basis for disturbing the trial court's finding that neither the court nor the Commonwealth are responsible for Carpenter's failure to be properly apprised of the registration requirement.

Finally, at oral argument the Commonwealth raised a jurisdictional issue not previously briefed by the parties. Although it is not the preferred practice to raise issues of this significance at oral argument, jurisdiction is a matter which can be raised at any time. Thus, pursuant to the Court's order, both Carpenter and the Commonwealth filed supplemental briefs addressing the Commonwealth's contention that the circuit court was without jurisdiction to rule on Carpenter's post-judgment motions due to his failure to comply with the dictates of RCr 8.10 and CR 59.05. Carpenter responds that: 1) the judgment entered on his plea on August 9, 2005, was not a final and complete judgment because it failed to inform him of the registration requirement; and 2) even if it was a final judgment, his motions to suspend sentence and withdraw his plea were properly treated as CR 60.02 motions by the circuit court. Neither of Carpenter's contentions provides a basis for granting the relief he seeks.

RCr 8.10 provides by its clear terms that the court may permit withdrawal of a guilty plea at any time before judgment. Despite Carpenter's argument to the contrary, the judgment on Carpenter's plea on August 9, 2005, did finally resolve all of his rights and those of the Commonwealth. As previously discussed, the failure to advise Carpenter of the registration requirement is "irrelevant to the determination of guilt or innocence" because it is merely a collateral consequence "completely outside the control or authority of the trial court." 170 S.W.3d at 386. Because Carpenter entered a valid plea, the judgment entered on the plea must be considered final and thus the trial judge lost jurisdiction to rule upon his motions ten (10) days after entry of that judgment. CR 59.05.

Furthermore, even if we were to agree that his post-decree pleadings should be treated as timely CR 60.02 motions, the

trial court was well-within its authority to deny relief given our conclusion as to the effect of collateral consequences upon an otherwise validly entered guilty plea.

In sum, our review of the recorded proceedings confirms the propriety of the trial court's order denying Carpenter's motion to withdraw his guilty plea and it is hereby affirmed.

ALL CONCUR.