**STATE of Indiana, Appellant–Plaintiff,**

v.

**Anthony W. POLLARD, Appellee–Defendant.**

**No. 05A02–0707–CR–640.**

Court of Appeals of Indiana.

May 13, 2008.

Rehearing Denied July 10, 2008.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Chris M. Teagle, Muncie, IN, Attorney for Appellee.

## OPINION

MATHIAS, Judge.

The State of Indiana appeals Blackford Superior Court's dismissal of the charge of Class D felony sex offender residency offense against Anthony Pollard ("Pollard"). The State argues that the trial court erred when it found that Indiana Code section 35–42–4–11, as applied to Pollard, violated Article 1, Section 24 of the Indiana Constitution.

We affirm.

### Facts and Procedural History

On April 4, 1997, Pollard was convicted of committing a sex-related offense against a child.[1] On the date of his conviction, Pollard owned and resided in a home that was within 1000 feet of a school property, a youth program center, or a public park. At the time of his conviction, he had owned and resided in his home for almost ten years. At the present time, he has resided there with his wife for more than twenty years.

The sex offender residency statute ("residency statute"), Indiana Code section 35–42–4–11, came into effect on July 1, 2006 and prohibits a violent sex offender or sex offender against children from residing within 1000 feet of a school property, a youth program center, or a public park, making a violation of the statute a Class D felony. This statute is part of Indiana's response to the nationwide trend of state by state adoption of "Megan's Law," requiring the registration of sex offenders. Megan's Law is named for laws passed in the wake of the kidnapping, rape, and murder of seven-year-old Megan Kanka, by a repeat violent sex offender in New Jersey.

On January 26, 2007, the State charged Pollard with Class D felony sex offender residency offense. On March 2, 2007, Pollard filed a motion to dismiss. On June 21, 2007, the trial court granted Pollard's motion to dismiss. The trial court determined that Indiana Code section 35–42–4–11 violated the ex post facto prohibition contained in Article 1, section 24 of Indiana's Constitution as applied to Pollard. The trial court reasoned that Pollard has had an ownership interest in his residence for approximately twenty years. At the time of his criminal conviction, he was not required to vacate his residence as part of his sentence or as a consequence of his conviction. The trial court also found

---

1. While the parties stipulated generally to this conviction, the record does not reflect the specific crime committed or whether he has completed his sentence. For the purposes of this appeal, we will assume that he has served his sentence in its entirety, although this assumption is not dispositive of the appeal.

that the ex post facto principle applied to criminal proceedings and that the application of Indiana Code section 35–42–4–11 served to retroactively increase the punishment for the crime committed. Therefore the trial court determined that the statute was unconstitutional as applied to "a person who has been an owner and resident of a particular piece of property prior to the adoption of [Indiana Code section] 35–42–4–11." Appellant's App. p. 19. The State appeals.

## Standard of Review

■ The facial constitutionality of a statute is a question of law. *Foreman v. State,* 865 N.E.2d 652, 655 (Ind.Ct.App. 2007), *trans. denied.* "Where the issue presented on appeal is a pure question of law, we review the matter de novo." *State v. Moss–Dwyer,* 686 N.E.2d 109, 110 (Ind. 1997). "It is a familiar canon of statutory interpretation that statutes should be interpreted so as to avoid constitutional issues." *City of Vincennes v. Emmons,* 841 N.E.2d 155, 162 (Ind.2006). We have an obligation to construe our statutes, if reasonably possible, in such a way as to render them constitutional. *State v. Barker,* 809 N.E.2d 312, 317 (Ind.2004). "If a statute can be construed to support its constitutionality, such construction must be adopted." *Burris v. State,* 642 N.E.2d 961, 968 (Ind.1994).

## Discussion and Decision

### Indiana's Statute and Caselaw

The State challenges the trial court's conclusion of law that Indiana Code section

35–42–4–11 is an unconstitutional ex post facto law as applied to Pollard.

Under Indiana Code section 35–42–4–11,

(c) An offender against children who knowingly or intentionally:

(1) resides within one thousand (1,000) feet of:

(A) school property, not including property of an institution providing post-secondary education;

(B) a youth program center; or

(C) a public park; or

(2) establishes a residence within one (1) mile of the residence of the victim of the offender's sex offense;

commits a sex offender residency offense, a Class D felony.[2]

Article 1, Section 24 of the Indiana Constitution states that "no ex post facto law, or law impairing the obligation of contracts, shall ever be passed." [3]

The State argues that Indiana Code section 35–42–4–11 is not an ex post facto law and that it does not impair Pollard's contractual obligations.[4] The State asserts that Pollard is not being charged with conduct that occurred prior to July 1, 2006, when the statute went into effect. Rather, the State contends, Pollard is being charged with continuing to reside in his house after the statute went into effect. The State argues that since Pollard violated the statute *after* July 1, 2006, he is being punished merely for that violation. However, that punishment restricts an ownership interest in property that Pollard acquired before the statute came into effect; it is not just a potential penalty for continuing to reside within the exclusion-

2. Pollard stipulated to being convicted of an offense enumerated under 35–42–4–11(a)(2) and to living within 1000 feet of qualifying property.

3. The federal constitution provides, "No State shall [ ] pass any Bill of Attainder, ex post

facto Law, or Law impairing the Obligation of Contracts [.]" U.S. Const. Art. I, § 10.

4. The trial court did not base its decision on the obligations of contract portion of Article 1, Section 24 but on the ex post facto prohibition.

ary zone after the effective date of the statute.

■ An ex post facto law applies retroactively and disadvantages an offender's substantial rights. *Armstrong v. State*, 848 N.E.2d 1088, 1092 (Ind.2006). Specifically, a law may not be enacted if it imposes a punishment for an act that was not punishable at the time it was committed or imposes additional punishment beyond the measure prescribed at the time. *Goldsberry v. State*, 821 N.E.2d 447, 464 (Ind.Ct. App.2005). This prohibition on ex post facto laws springs from a closely held principle that "persons have a right to fair warning of that conduct which will give rise to criminal penalties" because that principle "is fundamental to our concept of constitutional liberty." *Marks v. United States*, 430 U.S. 188, 191, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977); *see also Armstrong*, 848 N.E.2d at 1093.

■ Both the federal and Indiana constitutions contain a prohibition against ex post facto laws and the analysis is the same. *Goldsberry*, 821 N.E.2d at 464. A review of an allegedly ex post facto law requires a two-part test:

First, we must determine whether the legislature intended the proceedings to be civil or criminal. In making this determination, we may examine the declared purpose of the legislature as well as the structure and design of the statute. If the intent was civil, we must next ask whether the "statutory scheme [is] so punitive either in purpose or effect as to negate [the State's] intention to deem it civil."

The second part of the test requires the party challenging the statute to provide "the clearest proof" of the punitive purpose or effect of the statute. Thus, in determining whether a sanction is civil or criminal, we cannot look solely to the label given to it by the legislature, but must also examine whether it is so punitive in effect as to no longer be properly called a civil sanction.

*Spencer v. O'Connor*, 707 N.E.2d 1039, 1042–43 (Ind.Ct.App.1999) (citations omitted) trans. denied. The focus in the analysis is whether the statute "increases the penalty by which a crime is punishable" or "alters the definition of criminal conduct." *Goldsberry*, 821 N.E.2d at 464 (Ind.Ct. App.2005).

### Civil or Criminal Statute

■ The determination of whether a statute is civil or criminal is a matter of statutory construction. *Kansas v. Hendricks*, 521 U.S. 346, 361, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997). We must look to the text and structure of the statute to determine the legislative intent. *Flemming v. Nestor*, 363 U.S. 603, 617, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960). "A conclusion that the legislature intended to punish would satisfy an ex post facto challenge without further inquiry into its effects, so considerable deference must be accorded to the intent as the legislature has stated it." *Smith v. Doe*, 538 U.S. 84, 93, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003).

■ Here, we must first determine whether the General Assembly, "in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other." *Hudson v. United States*, 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997). Indiana does not record its legislative history. The text of the residency statute does not explicitly state its legislative purpose; however, the statute provides no civil proceeding whether by way of due process under the Fourteenth Amendment of the U.S. Constitution and Article 1 section 12 of the Indiana Constitution or condemnation of offenders' property interests under the Fifth Amend-

ment of the U.S. Constitution and Article 1 section 21 of the Indiana Constitution that conflict with the statute. On the other hand, the statute creates a new crime that prohibits offenders against children from living within 1000 feet of school property, a youth program center, or a public park.

The State draws our attention to cases involving Indiana's sex offender *registration* statute that hold that the statute is civil in nature and constituted a regulation that could be applied retroactively. The State argues that the *residency* statute is analogous to the *registration* statute and therefore civil in nature. *See Smith v. Doe,* 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003); *Spencer v. O'Connor,* 707 N.E.2d 1039 (Ind.Ct.App.1999), *trans denied.* We disagree. As noted above Indiana Code section 35–42–4–11 established a new crime and provides no civil proceedings whatsoever concerning the ownership interests before us. We therefore conclude that the residency statute is a criminal statute.

### Punitive Purpose or Effect

■ While we cannot speak to the purpose of the residency statute, we can observe its unmistakable effect. The residency statute clearly increases the penalty applied to affected sex offenders by preventing those offenders from residing and taking full advantage of their ownership rights in property acquired prior to conviction and prior to the imposition of the statute. In contrast, the registration statute does not implicate any fundamental rights; rather, it places only an administrative burden on offenders.

The residency statute also impinges upon one of this country's most closely held rights, the right to property.

"Property is more than the mere thing which a person owns. It is elementary that it includes the right to acquire, use, and dispose of it. The Constitution pro-

tects these essential attributes of property. Property consists of the free use, enjoyment, and disposal of a person's acquisitions without control or diminution save by the law of the land."

*Dep't of Fin. Inst. v. General Finance Corp.,* 227 Ind. 373, 384, 86 N.E.2d 444, 448 (1949) (quoting *Buchanan v. Warley,* 245 U.S. 60, 74, 38 S.Ct. 16, 62 L.Ed. 149 (1917) (emphasis added)). Property is "a valuable right or interest in something rather than the thing itself, and is the right to possess, *use* and dispose of that something in such a manner as is not inconsistent with law." *Dep't. of Fin. Inst. v. Holt,* 231 Ind. 293, 108 N.E.2d 629, 634 (1952) (emphasis added).

In this case, Pollard has an ownership interest in a residence that pre-dates the statute at issue; in fact, Pollard has owned and resided in his home for more than twenty years. The residency offense statute was not in place at the time of Pollard's conviction, and to apply that statute now would affect his substantial rights in his property since it would prevent him from residing in his home and using his property.

### Similar Laws in Other States

A number of states have enacted similar sex offender residency restrictions, which have been challenged in both state and federal courts. More and more decisions are to be expected, as each state considers its own variation on "Megan's Law."

In some states, the statutes have been upheld, yet either the specific facts of the case or the statute under consideration are distinguishable from the facts and the statute before us in this case. *See, e.g., Weems v. Little Rock Police Dep't.,* 453 F.3d 1010 (8th Cir.2006) (one plaintiff was a renter and another plaintiff lived with his mother, so neither had a property interest in the residence they lived in); *Graham v.*

*Henry,* 2006 WL 2645130 (N.D.Okla.2006) (plaintiff married after effective date of statute and moved into house owned by new wife; the statute also provided exemptions for residences established before the effective date of the statute "grandfather clause"); *Doe v. Miller,* 405 F.3d 700 (8th Cir.2005) (the Iowa statute had a grandfather clause and a "move to the offender" exemption); *People v. Leroy,* 357 Ill.App.3d 530, 293 Ill.Dec. 459, 828 N.E.2d 769 (2005) (defendant lived at mother's residence and statute contained a grandfather clause); *Lee v. State,* 895 So.2d 1038 (Ala.Crim.App.2004) (the statute contained a grandfather clause).

In a few states, the statutes have been found unconstitutional. *See e.g. Mikaloff v. Walsh,* 2007 WL 2572268 (N.D.Ohio Sept.4, 2007) (residency restrictions found to be punitive, unconstitutional, and analogous to probation and parole where Defendant lived rent-free in family home that family owned for fifty years); *Mann v. Georgia Dep't of Corrections,* 282 Ga. 754, 653 S.E.2d 740 (2007) (statute unconstitutional where there was no "move to the offender" exemption, and the move was an unconstitutional taking without adequate compensation). We believe that the reasoning of these cases is more persuasive when the precise language of Indiana's residency statute is carefully considered.

### Conclusion

For all of these reasons, we hold that Indiana Code section 35–42–4–11, otherwise known as the residency statute, is an ex post facto law as applied to a person in Pollard's circumstances. The residency statute is a criminal statute that criminalizes residency because of the resident's status as a sex offender. In addition, the statute's effect is punitive because it is applied retroactively to sex offenders who established ownership and property rights in a residence prior to the effective date of the statute, and because it forces them to relinquish some or all of their ownership rights or face a felony charge. Perhaps most importantly, Indiana's residency statute does not exempt ownership established prior to the statute, provide a constitutional taking procedure, or exempt ownership impacted by later construction of a protected facility or area.

For all these reasons, we conclude that the trial court did not err when it found that Indiana Code section 35–42–4–11 violated Article 1, section 24 of the Indiana Constitution, as applied to Pollard. Therefore, we affirm the trial court's dismissal of the Class D felony charge filed against Pollard pursuant to that statute.

FRIEDLANDER, J., and ROBB, J., concur.