**James RIDNER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 55A01–0801–CR–18.

Court of Appeals of Indiana.

June 30, 2008.

Steven C. Litz, Monrovia, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

James Ridner appeals the trial court's order that he register as a sex offender. We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 1, 2006, Ridner was charged with possession of child pornography, a Class D felony.[1] On January 4, 2007, he entered a plea agreement calling for a three-year sentence with twenty days executed and the rest suspended. A hearing was held on March 27, 2007, and the parties discussed whether Ridner would be required to register as a sex offender:

[DEFENSE COUNSEL]: ... Indiana Code Section 11–8–8–5(a)13 does not require sex offender registration on the first conviction for possession of child pornography only a ... its con-

sidered an offender under that statute, if the person has a prior unrelated conviction of child pornography.

THE COURT: Does the State agree with that?

[PROSECUTOR]: Yes Your Honor.

(Tr. at 3–4) (errors in original). The trial court then accepted Ridner's plea.

Indiana Code Chapter 11–8–8, governing the sex offender registry, was amended effective July 1, 2007. The amended statute included in its definition of "sex offender" people with a single conviction of possession of child pornography. I.C. §§ 11–8–8–4.5(a)(13) and 11–8–8–5(a)(13). The Morgan County Probation Department directed Ridner to register pursuant to the terms of the amended statute. On July 12, 2007, Ridner asked the trial court to classify his conviction as a "Non–Registration Required Offense." (Appellant's App. at 4.) The trial court ruled Ridner is required to register, but stayed its ruling pending appeal.

## DISCUSSION AND DECISION

Ridner raises two issues, which we restate as: (1) whether his plea must be set aside due to the change in the law; and (2) whether the amended sex offender registration statute is an *ex post facto* law as applied to him.

### 1. *Effect on Plea*

Ridner argues his plea should be set aside because of the change in the law. His argument is essentially that his plea was not knowing or voluntary. Such claims must be raised in a petition for post-conviction relief. *Jones v. State*, 675 N.E.2d 1084, 1090 (Ind.1996). Therefore, we may not decide this issue on direct

---

1. Ind.Code § 35–42–4–4(c).

appeal from the trial court order that Ridner register as a sex offender. *See id.*

### 2. *Ex Post Facto*

The State argues Ridner's *ex post facto* claim is waived. It is not. The State compares Ridner's case to *Games v. State*, 743 N.E.2d 1132 (Ind.2001). In *Games*, our Supreme Court held "[d]efendants who plead guilty to achieve favorable outcomes in the process of bargaining give up a plethora of substantive claims and procedural rights." *Id.* at 1135. Games waived a double jeopardy claim because he received a benefit from his plea bargain, and "a defendant with adequate counsel who enters a plea agreement to achieve an advantageous position must keep the bargain." *Id.* To allow Games to appeal his conviction "would operate as a fraud upon the court." *Id.* (quoting *Spivey v. State*, 553 N.E.2d 508, 509 (Ind.Ct.App.1990)).

██ *Games* is inapposite. Ridner's *ex post facto* argument is addressed to the registry requirement. The registry requirement was not part of his plea bargain and was not imposed until months after his plea was accepted. Were we to find the registry requirement an *ex post facto* law, that would neither invalidate his conviction nor alter the sentence to which Ridner agreed. There is nothing fraudulent about challenging a condition imposed after a guilty plea is accepted. Therefore, we will consider the merits of Ridner's *ex post facto* argument.[2]

██ Ridner challenges the registry requirement under the *ex post facto* claus-

es of United States and Indiana Constitutions. *See* U.S. Const. art. I, § 10; Ind. Const. art. I, § 24. The clauses "prohibit enacting a law that imposes a punishment for an act that was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Douglas v. State*, 878 N.E.2d 873, 878 (Ind. Ct.App.2007). We apply the same two-step analysis under either provision:

> First, we must determine whether the legislature intended the proceedings to be civil or criminal. As an aid in this process, we may examine the declared purpose of the legislature as well as the structure and design of the statute. If the intent was to impose punishment, then the inquiry ends. If the intent was civil or regulatory, the next question is whether the statutory scheme is so punitive in either purpose or effect as to negate the State's intention to deem it civil. The second part of the analysis requires the party challenging the statute to provide the clearest proof of the punitive purpose or effect of the statute.

*Id.* at 878–79.

Just after the sex offender registry was originally enacted, we considered an *ex post facto* argument and concluded the registry was intended to be civil and regulatory. *Spencer v. O'Connor*, 707 N.E.2d 1039, 1043 (Ind.Ct.App.1999) ("These provisions evidence an intent to monitor the whereabouts of the offender, not to punish the offender."), *trans. denied* 726 N.E.2d 305 (Ind.1999). We have reaffirmed that

---

**2.** Procedurally, Ridner's *ex post facto* claim is analogous to that raised in *Jensen v. State*, 878 N.E.2d 400 (Ind.Ct.App.2007), *trans. granted.* In 2000, Jensen pled guilty to vicarious sexual gratification and child molesting as Class C felonies. At that time, Jensen was required to register as a sex offender for ten years. In 2006, the statutes were amended so that Jen-

sen would have to register as a sexually violent predator for life. Jensen filed a motion to determine his registration status with the trial court. The trial court determined Jensen was required to register for life. Jensen appealed from that order, and we considered the merits of his *ex post facto* claim.

holding. *Douglas,* 878 N.E.2d at 879.[3]

■ Douglas, like Ridner, committed an offense that did not require registration at the time, but a subsequent version of the sex offender registry statutes required Douglas to register. We held the subsequent registry requirement was not punitive in its intent or effect and therefore was not an *ex post facto* law. *Douglas,* 878 N.E.2d at 880.[4]

Ridner presents no persuasive argument distinguishing *Douglas.* He argues the registry has a punitive effect in that he cannot petition for a name change, Ind. Code § 11–8–8–16; has to be photographed annually, Ind.Code § 11–8–8–14; and must provide any address where he spends more than seven nights in a fourteen-day period, Ind.Code § 11–8–8–8(1). However, these Code provisions are not new, such that they might warrant a departure from *Douglas. See* I.C. §§ 5–2–12–8.6 (1998) (prohibiting sex offenders from petitioning for a name change); 5–2–12–6 (2002) (registry to include a recent photograph); 11–8–8–8(1) (effective July 1, 2007) (registry to include address where offender intends to stay overnight for more than seven days). We have also rejected the argument that penalizing failure to register makes the registry itself penal in nature. *Douglas,* 878 N.E.2d at 880 ("For a regulatory scheme to be effective, there must be some consequence when the law is violated.").[5]

Ridner notes our language in *Douglas* that "registration does not restrain the offender's movement, and the information required to register is not burdensome." 878 N.E.2d at 879. Ridner claims his movement is restrained, citing Ind.Code § 35–38–2–2. That section has been repealed. Ridner may be referring to Ind. Code § 35–42–4–11, which prohibits an "offender against children" from residing within 1000 feet of a school, youth program center, or public park or within a mile of the offender's victim. However, Ridner is not subject to this restriction because he is not a sexually violent predator[6] and has not committed any of the offenses enumer-

---

**3.** We note transfer has been granted in *Wallace v. State,* 878 N.E.2d 1269 (Ind.Ct.App. 2008), a case with facts and holding similar to *Douglas.*

**4.** *Douglas* is in accord with opinions from several jurisdictions. *Smith v. Doe,* 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003), *reh'g denied* 538 U.S. 1009, 123 S.Ct. 1925, 155 L.Ed.2d 844 (2003); *State v. Gragg,* 143 Idaho 74, 137 P.3d 461 (Ct.App.2005); *People v. Malchow,* 193 Ill.2d 413, 250 Ill.Dec. 670, 739 N.E.2d 433 (2000); *State v. Pickens,* 558 N.W.2d 396 (Iowa 1997); *Hyatt v. Commonwealth,* 72 S.W.3d 566 (Ky.2002), *cert. denied* 538 U.S. 909, 123 S.Ct. 1481, 155 L.Ed.2d 230 (2003); *State ex rel. Olivieri v. State,* 779 So.2d 735 (La.2001), *cert. denied* 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001); *State v. Haskell,* 784 A.2d 4 (Me.2001); *People v. Pennington,* 240 Mich.App. 188, 610 N.W.2d 608 (2000); *Garrison v. State,* 950 So.2d 990 (Miss.2006); *State v. Mount,* 317 Mont. 481, 78 P.3d 829 (2003); *State v. Costello,* 138 N.H. 587, 643 A.2d 531 (1994); *Meinders v. Weber,* 604 N.W.2d 248 (S.D. 2000); *Kitze v. Commonwealth,* 23 Va.App. 213, 475 S.E.2d 830 (1996), *cert. denied* 522 U.S. 817, 118 S.Ct. 66, 139 L.Ed.2d 28 (1997).

**5.** Failure to register has been an offense since the registry's inception in 1994. *See* I.C. § 5–2–12–9 (1994).

**6.** Because offenders found to be sexually violent predators are subject to more rigorous requirements, those cases are not analogous to Ridner's case and do not control our decision. *See Thompson v. State,* 875 N.E.2d 403 (Ind.Ct.App.2007) (imposition of lifetime registry requirement after defendant committed the offense was *ex post facto* law), *trans. denied; Jensen v. State,* 878 N.E.2d 400 (Ind.Ct. App.2007) (same), *trans. granted.; State v. Pollard,* 886 N.E.2d 69 (Ind.Ct.App., 2008) (residency restriction on offender against children was *ex post facto* as applied to offender who owned home prior to enactment of statute).

ated in Ind.Code § 35–42–4–11. Ridner has not presented the "clearest proof of the punitive purpose or effect" of the sex offender registry. *Douglas,* 878 N.E.2d at 879.

### CONCLUSION

The registry requirement is not an *ex post facto* law as applied to Ridner. If Ridner wishes to argue his plea was not knowing and voluntary because was told he would not have to register, he may do so through a petition for post-conviction relief.

Affirmed.

VAIDIK, J., and MATHIAS, J., concur.